DWIGHT PERDUE

*v.*

IRA M. COINER, *Warden*
*West Virginia Penitentiary*

(No. 13204)

Submitted January 30, 1973.    Decided February 27, 1973.

*Thomas S. Lilly,* for plaintiff in error.

*Chauncey H. Browning, Jr.,* Attorney General, *George E. Lantz,* Deputy Attorney General, *Richard E. Hardison, E. Leslie Hoffman, III,* Assistant Attorneys General, for defendant in error.

CAPLAN, JUDGE:

This is an appeal from a final order of the Circuit Court of Mercer County, wherein the court denied the petitioner, Dwight Perdue, appellant herein, a writ of habeas corpus.

The appellant was tried and found guilty on an indictment returned by the Grand Jury of the

Intermediate Court of Mercer County. Upon the judgment entered by that court on September 22, 1970, he was sentenced to confinement in the state penitentiary for a term of from one to ten years. The appellant then appealed said judgment to the Circuit Court of Mercer County following which, on May 13, 1971, said appeal was denied. On September 13, 1971, within four months of the latter date, a petition for appeal was filed in this Court. That appeal also was denied.

On November 4, 1971, the petitioner, Dwight Perdue, filed with the Clerk of the Circuit Court of Mercer County a petition for a writ of habeas corpus wherein, in addition to his prayer for relief, he requested the assistance of counsel. That court, by order dated November 26, 1971, denied the writ without a hearing. On December 16, 1971, petitioner's present counsel was appointed to assist him in the habeas corpus proceeding.

Although in his petition for a writ of error and supersedeas the petitioner assigns numerous errors, he relies upon and argues only the following: (1) The failure of the court to appoint counsel to represent him prior to the denial of the writ of habeas corpus; (2) the denial of the writ of habeas corpus without a full and fair hearing; (3) the failure of his counsel to file a timely appeal to the judgment of conviction; and (4) the failure of the court, in denying his petition for a writ of habeas corpus, to comply with the provisions of Code, 1931, 53-4A-7, as amended, in that its order did not reveal specific findings of fact and conclusions of law relating to each contention.

In relation to the appellant's assignment concerning the failure of the court to appoint counsel to assist him, it must be remembered that this proceeding is civil in nature, not criminal. We are not here concerned with an indigent defendant, who, there is no longer any doubt, is clearly entitled to the appointment of counsel to assist him in his defense. Clearly demonstrating that habeas corpus proceedings are civil rather than criminal in nature

is the following language of the Court in *State ex rel. Harrison v. Coiner,* 154 W.Va. 467, 176 S.E.2d 677: "The post-conviction habeas corpus procedure provided for by Chapter 85, Acts of the Legislature, Regular Session, 1967, is expressly stated therein to be 'civil in character and shall under no circumstances be regarded as criminal proceedings or a criminal case.' See Code, 1931, 53-4A-1 (a), as amended."

This being a civil proceeding the appellant must rely upon the provisions of Code, 1931, 53-4A-4 (a), as amended, in support of his request for counsel. Where pertinent that provision reads: "If the court to which the writ is returnable * * * is satisfied that the facts alleged in this regard are true, and that the petition was filed in good faith, and has merit or is not frivolous, the court shall order that the petitioner proceed in forma pauperis, and the court shall appoint counsel for the petitioner." This Code section requires the court to exercise its discretion and if it believes that the petition did not have merit it is not obligated to appoint counsel for the petitioner. It is quite clear from the order entered by the court on November 26, 1971, that the court, upon mature consideration, believed that the appellant's petition for a writ of habeas corpus was without merit. From the record before us we cannot say that the court abused its discretion and hold that it was not error for it to refuse at that time to appoint counsel.

Code, 1931, 53-4A-3, as amended, bears upon the appellant's contention that the court erred in denying his writ without a hearing. That Code section, where controlling, provides: "If the petition, affidavits, exhibits, records and other documentary evidence attached thereto * * * show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall by order entered of record refuse to grant a writ, and such refusal shall constitute a final judgment." Again, the statute contemplates the exercise of discretion

by the court and it is evident from the record of this case and from the court's final order that it believed that the then petitioner was entitled to no relief. On the basis of the record before us it appears clear that the court did not abuse its discretion. See *Ravnell v. Coiner,* 320 F. Supp. 1117 (N.D. W.Va. 1970).

The appellant's third assignment of error, that is, that his counsel failed to file a timely appeal of his conviction is, upon examination of the record, entirely without merit. The only information apparent is, as heretofore stated in this opinion, that the appeal was denied by the Circuit Court of Mercer County on May 13, 1971 and filed in this Court on September 13, 1971, within the statutory appeal period.

The final assignment asserts that the court's final order was deficient in that it did not comply with the provisions of Code, 1931, 53-4A-7, as amended. The Court, in its order, found that the sentence was pronounced by a court of competent jurisdiction; that it was valid on its face; that it was fully warranted and proper under the circumstances; that the defendant was not deprived of any constitutional rights; that the court below had protected the defendant's interest by appointing an eminently qualified counsel who diligently represented the defendant; that any and all pleas were entered freely and voluntarily; and that the petitioner, Dwight Perdue, is not being detained without lawful authority. In view of the record before us, we are of the opinion and hold that although the court's findings could have been more specific it substantially complies with the requirements of the aforesaid statute.

The record submitted by the appellant on this appeal fails to support his assignments of error and the judgment of the Circuit Court of Mercer County is affirmed.

*Affirmed.*