# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Wendell K. Ash,**
**Petitioner Below, Petitioner**

**FILED**

April 5, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0470** (Kanawha County 11-C-136)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Wendell K. Ash, *pro se*, appeals the order of the Circuit Court of Fayette County, entered November 23, 2011, denying his petition for a writ of habeas corpus. The respondent warden by Laura Young, his attorney, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented,[1] the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 3, 2011, petitioner filed a petition for a writ of habeas corpus seeking review of his conviction and sentence for second degree sexual assault pursuant to his guilty plea in Felony No. 95-F-73. At the time of the incident, June 1995, petitioner was already an inmate at Mt. Olive Correctional Complex. The indictment charged him with four separate offenses relating to the sexual assault of a female prison employee. As part of the plea agreement, the three other counts were dismissed.

At an October 16, 1996 sentencing hearing, the parties presented arguments as to whether petitioner's sentence in the case at bar should be concurrent with or consecutive to the sentence he already was serving.[2] After hearing arguments of counsel, the circuit court sentenced petitioner to

---

[1] Certain documents were attached to petitioner's brief. Also, on May 14, 2012, the respondent warden filed a motion to dismiss the appeal, or in the alternative, to supplement the record. By an order entered June 6, 2012, this Court refused the motion to dismiss but granted the motion to supplement.

[2] Petitioner had been convicted of first degree murder in Wood County. He was sentenced to life in prison without parole.

-1-

ten to twenty-five years in prison "to run after you have served your sentence out of Wood County."

On November 23, 2011, in an order containing numerous findings of fact and conclusions of law, the circuit court addressed various grounds of relief and denied the petition. On appeal, petitioner makes numerous assignments of error including that the circuit court should have appointed him habeas counsel. *But see* Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973) ("A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief."). The respondent warden argues that the circuit court did not err in denying the petition.

We review the circuit court's denial of a habeas petition under an abuse of discretion standard. *See* Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). After careful consideration of the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in denying the petition. We hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal.[3] The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Fayette County and affirm its November 7, 2011 order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:**   April 5, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[3] As his final assignment of error, petitioner alleges that his conviction should be set aside because counsel failed to inform him of the details of the victim's written statement. The circuit court did not address this issue because petitioner did not raise it below. This Court will not pass on the issue in the first instance. *See* Syl. Pt. 2, *Sands v. Security Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958).

# IN THE CIRCUIT COURT OF
# FAYETTE COUNTY, WEST VIRGINIA

**WENDELL KEITH ASH,**
       **Petitioner,**

**VS**                                                    Civil Action No. 11-C-136-H

**THOMAS McBRIDE, (DAVID BALLARD),**
       **Respondent.**

## ORDER

On June 3, 2011, Petitioner, *in pro se*, filed a Petition for Writ of Habeas Corpus

seeking review of his 1996 Fayette County Circuit Court conviction pursuant to his guilty

plea and sentence for the felony crime of second degree sexual assault charged in

Indictment No. 95-F-73. Petitioner raises five allegations of ineffective assistance of

trial counsel and one of prosecutorial misconduct.

The Court notes that the Petitioner used the incorrect name for the Respondent,

the correct name being David Ballard.

Having reviewed the files in the above-styled civil action and the aforementioned

indictment, as well as the applicable statues, case law, and information gained by

inquiry of the Wood County Circuit Clerk's Office, the Court makes the following

Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1.     In 1989, Petitioner was indicted for murder by a Wood County, West Virginia

grand jury.

ENTERED ____ 23, 2011
____ OBK 128 PAGE 1261

2. Petitioner had a jury trial in Wood County Circuit Court and, on April 13, 1990, was convicted of first degree murder with no recommendation of mercy.

3. On April 23, 1990, Petitioner was sentenced to life in the penitentiary, without mercy, by the Wood County Circuit Court.

4. Appointed counsel appealed the aforementioned conviction to the Supreme Court of Appeals of West Virginia and said court refused the appeal by order entered July 25, 1991.

5. At the September, 1995, term of the Fayette County Grand Jury, the Petitioner was indicted for two counts of the felony crime of second degree sexual assault and two counts of the felony crime of first degree sexual abuse.

6. These four sex crimes were alleged to have been committed against a female employee of the Mount Olive Correctional Complex where Petitioner was then and is now serving a sentence of life imprisonment without mercy.

7. By order entered September 25, 1995, then Chief Public Defender J. B. Rees was appointed to represent Petitioner in regard to the aforementioned charges.

8. On August 28, 1996, pursuant to a written plea agreement, Petitioner, with his aforementioned counsel, entered a guilty plea to one count of second degree sexual assault. The remaining three felony counts were dismissed. Page 3 of said agreement provides, "Having read and understood all of my foregoing rights and further **knowing and understanding that any plea bargaining which appears in the record of this case is not binding upon the Court with respect to punishment or probation** and understanding that in the event I

2

should plead guilty to the felony offense of second degree sexual assault in violation of West Virginia Code 61-8B-4, I will be sentenced to imprisonment in the penitentiary not less than ten (10) years nor more than twenty-five (25) years, or fined not less than one thousand dollars ($1.000.00) nor more than ten thousand dollars ($10,000.00) and imprisoned in the penitentiary not less than ten (10) nor more than twenty-five (25) years, it is still my intention and desire to enter a plea of guilty." (Emphasis added)

9. Petitioner signed each of the four pages of the aforementioned agreement, said agreement now lodged in the underlying criminal case file.

10. At the plea hearing, the prosecuting attorney, in informing the Court as to the State's reasons for entering into said agreement, said, "I have – the main person I wanted to have consent to the disposition was, of course, the victim. She is continuing to undergo psychological problems as a result of this incident. **She hasn't been able to work since this incident.**" (Tr 8/28/96, pps. 3-4, emphasis added)

11. The prosecuting attorney also said the victim did not want to testify at trial and, "...she really felt she needed to get this incident behind her. She is making some progress, but she still is continuing to suffer the effects of this." (Tr 8/28/96, p. 4)

12. Petitioner's attorney did not object to the aforementioned statements, (the same being clearly unobjectionable) and, counsel agreed that the prosecuting attorney's comments to the Court reflected his understanding for the plea agreement. (Tr 8/28/96, p. 4)

3

13. The court inquired about the Petitioner's previously ordered psychiatric examination and Petitioner's attorney tendered to the court counsel's written withdrawal of the mental status examination request, and orally proffered to the Court the following: "I've done extensive investigations into the facts of this matter after the initial request, also further discussions with Mr. Ash as well as mental health officials, who have reviewed the materials in this matter. I can unequivocally state to the Court that I have no doubt that Mr. Ash is competent to stand trial. He has a good working knowledge of court procedures, the roles of all the parties involved..." (Tr 8/28/96, p. 4)

14. Petitioner's counsel said he could not present a viable defense of insanity, explaining, "I believe Mr. Ash does suffer from mental illness. However in talking with the mental health officials, as well as reviewing all the materials that have been provided by the State, and in talking with Mr. Ash, his mental illness or disease or defect does not rise to the level where he lacks the substantial capacity either to appreciate the wrongfulness of his conduct or to conform that conduct to the requirements of the law." (Tr 8/28/96, pps. 5-6)

15. The prosecuting attorney proffered to the Court that, "[Petitioner] was extensively examined when he was in the court system several years ago out (sic) of a Wood County proceeding. I have reviewed those records. They– they appear to indicate that this man has some sort of an obsessive, compulsive-type–some sort of disorder, but it does not even come close to rising to the level of excusing him from criminal actions or conduct and would not interfere with his responsibility at the time of the act [alleged in the indictment] or his ability to

4

cooperate with counsel at the time of [the jury] trial." (Tr 8/28/96, p. 6)

16. The court asked Petitioner if he agreed with his attorney's aforementioned representations about the psychiatric examination and Petitioner answered that he did agree. (Tr 8/28/96, p. 7)

17. During the plea proceeding, Petitioner said no one had made any promises to him to get him to plead guilty. (Tr. 8/28/96, p. 10) The transcript of the entire plea hearing contains Petitioner's entire plea colloquy.

18. At the sentencing hearing, Petitioner's attorney argued against the Court ordering the Fayette County sentence and the Wood County sentence to be served consecutively. The prosecuting attorney argued in favor of ordering the aforementioned sentences served consecutively (Tr 10/16/96, pps. 3-13)

19. At the sentencing hearing, the prosecuting attorney said to the Court that, "[Petitioner is] serving a life sentence in the penitentiary. He was serving that sentence at the time that he committed this violent rape or sexual assault of this young lady who worked at the prison, who will never, ever be the same again. I mean, she is going to live with this every day of her life." (Tr, 10/16/96, p. 5)

20. The Court imposed an indeterminate sentence of not less than 10 years nor more than 25 years in the penitentiary for the felony crime of second degree sexual assault, ordering said sentence to be served consecutively with Petitioner's Wood County sentence of life imprisonment without mercy for first degree murder.

21. At the sentencing hearing, the trial court found as follows: "...the Court, after a review of the report and your record, is convinced that, if [probation] were

5

granted, of course, you would, in the opinion of this Court, commit other offenses, and your record is such that you are not a viable candidate for probation." (Tr 10/16/96, p. 13)

22.     The Court reasoned, "The Court is going to cause this sentence to run after you have served your sentence out of Wood County, it being the opinion of this Court that this is not a cumulative sentence as set forth in the Code. It is the opinion of the Court that, to follow that statutory language, there have to be simultaneous offenses, which this is not the case. However, it has been argued to the Court that this matter has gone before the West Virginia Supreme Court on sentencing where it has been at least looked at by the Supreme Court and where a sentence is being served out of one county, that the Court can sentence you to a sentence to begin running after you have completed your sentence in the other jurisdiction. So that is the ruling of this Court." (Tr 10/16/96, pps. 12-13)

23.     The court informed Petitioner as follows, "Mr. Ash, I want to inform you that you've been convicted of a crime which requires your registration with the West Virginia State Police as a sexual offender. You must register when you are granted probation, parole, or upon discharge of your sentence." (Tr 10/16/96, pps. 13-14)

24.     The court then gave Petitioner a written notice captioned, "Notice of Sexual Offender Registration Requirement." Petitioner signed said notice which is contained in the underlying criminal file.

25.     Petitioner's plea attorney filed a "Notice of Intent to Appeal" on November 18, 1996, listing as the only issue as follows: "The trial court imposed a sentence

6

which is not statutorily or constitutionally permitted." However, no Petition for Appeal was ever filed with the Supreme Court of Appeals of West Virginia.

26. Without any writing in the underlying file or oral statement in either the plea hearing or sentencing hearing transcripts to support the allegation, Petitioner claims that his Fayette County counsel offered, but failed, to appeal his Wood County first degree murder conviction.

27. Petitioner's ineffective assistance of counsel claims are as follows: 1.) counsel in the Fayette County case never filed a Petition for Appeal, 2.) counsel in the Fayette County case never appealed the *Wood County* case, 3.) Petitioner wanted the psychiatric examination and competency hearing, 4.) counsel never informed Petitioner of the requirement to register a sex offender, and 5.) counsel told Petitioner the sentence would be concurrent, not consecutive because the Court had no other lawful option.

28. Petitioner also claims the prosecutor's comments concerning the effect the sexual assaults had on the victim improperly influenced the judge's decision at the sentencing hearing.

## CONCLUSIONS OF LAW

1. "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v Washington*, 466 U. S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of

7

the proceedings would have been different." Syllabus point 4, *State ex rel VanHoose v Seifert*, 227 W. Va. 37, 705 S.E.2d 544 (2010).

2. "One convicted of a crime is entitled to the right to appeal that conviction and where he is denied his right to appeal such denial constitutes a violation of the due process clauses of the State and Federal Constitutions and renders any sentence imposed by reason of the conviction void and unenforceable." *VanHoose, supra,* at 548, quoting with approval *State ex rel Bratcher v Cooke,* 155 W. Va. 850 (1972).

3. "Failure to observe a constitutional right constitutes reversible error unless it can be shown that the error was harmless beyond a reasonable doubt." Syllabus point 5, *State ex rel Farmer v McBride,* 224 W. Va. 469 (2009).

4. Based upon the fact that Petitioner had no direct appeal of his Fayette County conviction, rather than simply to find that the lack thereof constitutes ineffective assistance of counsel, this Court deems it preferable, in this fact specific case, to address the substantive merits of Petitioner's raised issues to determine whether counsel was ineffective and whether the raised issues amount to harmless error beyond a reasonable doubt.

5. As to the issue of the Petitioner not having a psychiatric examination, both the Prosecuting attorney and Petitioner's counsel agreed, on the record, at the plea hearing that Petitioner understood all aspects of the legal process, thus obviating the necessity for such examination. Further, the Petitioner informed the Court, on the record, that he agreed with his counsel's decision to forego the mental status examination.

8

6.  Petitioner apparently suffered from an obsessive-compulsive disorder which did not impede his ability to distinguish right from wrong or prevent him from conforming his conduct to the requirements of law.

7.  The Petitioner, during the plea hearing, appropriately answered aloud every question asked of him by the Court concerning his constitutional rights and the waiver thereof by pleading guilty. Thus, the Court considers that Petitioner was competent to enter his guilty plea and that his plea was freely, knowingly, and voluntarily entered.

8.  As a matter of law, this Court concludes that the Petitioner's counsel's waiver of the earlier requested psychiatric examination did not constitute ineffective assistance of counsel.

9.  West Virginia Code § 61-11-21 provides:

> When any person is convicted of two or more offenses, before sentence is pronounced for either, the confinement to which he may be sentenced upon the second, or any subsequent conviction, shall commence at the termination of the previous term or terms of confinement, unless, in the discretion of the trial court, the second or subsequent conviction is ordered by the court to run concurrently with the first term of imprisonment imposed.

10. "When a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syllabus point 7, *Farmer, supra.*

11. At the sentencing hearing, Petitioner's counsel argued in favor of a concurrent sentence. The trial court's denial thereof, in the proper exercise of its discretion,

9

does not morph counsel's failure to win the sentencing argument into ineffective assistance of counsel.

12. Petitioner's counsel was specifically appointed to represent Petitioner as to the charges contained in the Fayette County indictment before the Fayette County Circuit Court.

13. Petitioner's Wood County case had previously been unsuccessfully appealed to the Supreme Court of Appeals of West Virginia by appointed counsel in Wood County. The Petitioner was subsequently indicted in Fayette County several years later for the aforementioned sex crimes.

14. This Court concludes as a matter of law that Petitioner's claim that his Fayette County counsel said that he would file an appeal in regard to the Petitioner's Wood County murder case lacks merit. Had an appeal been filed, it would have been denied as untimely filed and/or *res judicata*.

15. Under West Virginia Code § 15-12-2(b), Petitioner is required to register as a sex offender *upon release from the penitentiary*.

16. Petitioner, in addition to the sentence of which the Petitioner complains in this proceeding, is now serving a sentence of life without mercy, and barring an escape, gubernatorial pardon or court vindication, the Petitioner will die in the penitentiary. Consequently, he will never be required to fulfill the mandatory terms of the Sex Offender Registration Act, West Virginia Code §§ 15-12-1 *et seq.*, thus the matter of said registration is clearly moot.

17. This Court concludes as a matter of law that Petitioner's counsel's failure to inform Petitioner of the sex offender registration requirement does not rise to the

10

level of ineffective assistance of counsel under the facts of this particular case.

18.    As to Petitioner's claim of prosecutorial misconduct, this Court notes that the statements complained of by Petitioner were made by the prosecuting attorney at the plea hearing, not the sentencing hearing. Said statements were made to explain the State's reasoning for reaching the plea agreement. Because West Virginia Code § 61-11-21 allows the imposition of consecutive sentences under the facts of this case, none of the prosecuting attorney's statements made at either the plea hearing or the sentencing hearing were, in any form or fashion, improper. Furthermore, Petitioner is serving a sentence of life without mercy for murder, thus rendering the distinction between concurrent and consecutive sentences, factually and in reality, moot. Considering the Petitioner's status as a sentenced murderer at the time of his commission of the sex crime against a female prison employee, he could not, in any sense of reality, have expected even the most lenient and soft-hearted sentencing judge to afford him any mercy.

19.    Although Petitioner has had no direct appeal of the conviction of which he complains, none of the issues raised by Petitioner has any substantive merit, nor have they caused Petitioner to suffer any actual harm. Thus, the Court concludes that the Petitioner has clearly not suffered any denial of any substantive or procedural due process rights.

20.    Consequently, this Court concludes as a matter of law that the absence of a direct appeal in this case is harmless error beyond all reasonable doubt because the appeal, based on West Virginia law, would have clearly been denied.

11

21. West Virginia Code § 53-4A-7(a) provides that a "court shall enter an order denying the relief sought" if the court finds that the petitioner is entitled to no relief.

22. This Court concludes as a matter of law that Petitioner is not entitled to any of the relief demanded.

Accordingly, it is **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus be and the same is hereby **DENIED**. It is further **ORDERED** that the civil action be and the same is hereby **DISMISSED**.

**The Circuit Clerk shall mail an attested copy of this Order to Inmate Wendell Keith Ash,  Mountainside Way, Mount Olive, WV 25185; , Warden David Ballard, Mount Olive Correctional Complex, One Mountainside Way, Mount Olive, WV, 25185.**

**ENTERED this 23rd day of November, 2011.**

JOHN W. HATCHER, JR.
JUDGE

Attested Copies to:
WKA  / _____
DB  / _____
_____ / _____
_____ / _____
Date: 11/23/11
Initials: SX

A TRUE COPY of an order entered
Nov. 23, 2011
Teste: _____
Circuit Clerk Fayette County, WV