# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Matthew A. Hardesty,**
**Petitioner Below, Petitioner**

**vs) No. 12-0931** (Berkeley County 11-C-163)

**Dennis Dingus, Warden, Stevens Correctional Center,**
**Respondent Below, Respondent**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Matthew A. Hardesty, by counsel Tracy Weese, appeals the Circuit Court of Berkeley County's "Final Order Denying Revised Petition for Writ of Habeas Corpus" entered on July 9, 2012. Respondent Dennis Dingus, Warden, by counsel Christopher C. Quasebarth, responds in support of the order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On an early morning in October of 2008, petitioner and his co-defendant, Eric Price, broke and entered into a business and stole money. They were recorded on video surveillance both before and during the crime. At a jury trial in August of 2009, petitioner was found guilty of petit larceny, breaking and entering, and conspiracy to commit breaking and entering. Petitioner was sentenced to the statutory terms of one year of incarceration for larceny, one to ten years of incarceration for breaking and entering, and one to five years of incarceration for conspiracy, said sentences to run consecutively. When imposing the maximum period of incarceration, the circuit court referred to petitioner's "extensive" criminal history. Petitioner filed a direct petition for appeal asserting that his sentence was excessive and that the trial court erred in allocating the number of peremptory strikes between petitioner and his co-defendant, who were jointly tried. This Court unanimously refused that petition for appeal.

Thereafter, petitioner, by counsel, filed a revised omnibus petition for post-conviction habeas corpus asserting excessive bail, ineffective assistance of counsel, violation of his right to a speedy trial, prejudicial joinder by trying him along with his co-defendant, and denial of peremptory strikes. Without holding an evidentiary hearing, the circuit court denied the omnibus habeas petition on all grounds. Petitioner now appeals the denial of his habeas petition. We apply the following standard of review:

1

In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Petitioner raises a single assignment of error in this appeal: that, in light of the issues petitioner was raising, the circuit court erred by deciding the case without conducting an evidentiary hearing. In particular, he argues that an evidentiary hearing was necessary to develop evidence on his ineffective assistance of counsel claim. He argues that his lawyer was ineffective for agreeing to a continuance of trial, which in turn impacted his right to a speedy trial, and was ineffective for failing to move to sever petitioner's trial from that of the co-defendant.

We have held that an evidentiary hearing is not always required in habeas cases. "A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing . . . if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, in part, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Upon a review of the appellate record, the parties' arguments, and the circuit court's July 9, 2012, order, we conclude that the circuit court had sufficient evidence to deny habeas relief without holding an evidentiary hearing. A criminal defendant has a constitutional right to a speedy trial within three terms of court. W.Va. Code § 62-3-21, W.Va. Const. art. III, § 14. Even assuming, arguendo, that petitioner's counsel should not have agreed to the continuance, petitioner nonetheless went to trial during the very next term of court after his indictment. Furthermore, petitioner fails to set forth a basis to support a motion to sever. The circuit court did not need to take evidence on these issues to determine that petitioner's constitutional rights were not violated. We hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignment of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's July 9, 2012, order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II