# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert J. Winning,**
**Petitioner Below, Petitioner**

**FILED**

November 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-1241** (Marion County 12-C-153)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert J. Winning, appearing *pro se*, appeals the order of the Circuit Court of Marion County, entered September 28, 2012, that denied his motion to correct a prior order of the court. In the prior order which was entered on June 22, 2012, the circuit court denied petitioner's most recent petition for a writ of habeas corpus without a hearing. Respondent Warden,[1] by counsel Andrew Mendelson, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted for murder in connection with an incident occurring on September 6, 2008, where he killed a man, whom he met earlier in the night, by hitting him with his vehicle. Over petitioner's objection, the circuit court admitted into evidence statements petitioner gave to police after waiving his *Miranda* rights. Petitioner did not testify at trial. The jury convicted petitioner of second degree murder. Petitioner's post-trial motions were denied, and he was sentenced to thirty years in prison.

Petitioner filed his first habeas petition before he filed his direct criminal appeal, alleging illegal confinement at North Central Regional Jail. The circuit court denied that petition as moot after petitioner was transferred into the custody of the West Virginia Division of Corrections.

Petitioner filed his direct appeal on June 10, 2010, alleging three assignments of error: (1) there was insufficient evidence to support the verdict; (2) the circuit court erred in giving a

---

[1] Subsequent to petitioner's filing of his appeal, petitioner was transferred to Mt. Olive Correctional Complex; therefore, David Ballard, Warden, has been substituted as respondent herein pursuant to Rule 41(c) of the Rules of Appellate Procedure.

1

voluntary intoxication instruction; and (3) the circuit court erred in admitting the statements petitioner gave to police after waiving his *Miranda* rights.[2] On September 22, 2010, this Court refused petitioner's direct appeal.

On October 7, 2011, petitioner filed his second habeas petition and challenged his conviction on four grounds of relief: (1) ineffective assistance of counsel; (2) unconstitutional jury instructions; (3) failure to disclose exculpatory evidence; and (4) insufficient evidence. On February 7, 2012, the circuit court entered an order that addressed each of petitioner's four grounds and determined that "the Petitioner is not entitled to the relief sought and, further, that no hearing with regard thereto was warranted."

Petitioner filed his most recent petition for a writ of habeas corpus on April 30, 2012, alleging four grounds of relief: (1) ineffective assistance of counsel with regard to an inconsistent statement re-read to the jury during deliberations; (2) ineffective assistance of counsel with regard to jury instructions; (3) ineffective assistance of counsel with regard to a failure to retain a toxicology expert; and (4) improper jury instructions. The circuit court entered an order denying the petition on June 22, 2012, and found that "the allegations included in the instant petition, though pled with more particularity, are identical to the allegations raised in the Petitioner's prior petition."

On September 6, 2012, petitioner filed a motion to correct the circuit court's June 22, 2012 order alleging that the court had misconstrued his habeas grounds. The circuit court denied the motion on September 28, 2012, and ruled as follows:

> The Court's order[,] entered February 7, 2012, [denying the second habeas petition] fully addressed each ground raised by the Petitioner and concluded that the petitioner was entitled to no relief. The Petitioner's subsequent third petition merely expounded on the grounds raised in the second petition that was denied by this Court[.] . . . The Court did not overlook any of the grounds raised by the Petitioner, and the Petitioner's instant motion should be denied.

Petitioner now appeals the circuit court's September 28, 2012 order that reaffirmed the June 22, 2012 order that denied the instant habeas petition.

We review the circuit court's order denying a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying

---

[2] Petitioner based his argument on the fact that while he initialed each of the five rights on the waiver form, he did not actually sign it.

factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006). In addition, "[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973).

On appeal, petitioner argues that the circuit court's findings of fact and conclusions of law were insufficient to support its denial of habeas relief. Petitioner asserts that before making its ruling, the circuit court should have appointed counsel on his behalf and conducted an evidentiary hearing. Respondent counters that appointment of counsel and an evidentiary hearing are not required when the petition shows that the petitioner is not entitled to relief. Respondent asserts that the circuit court's findings are sufficient to support its denial of habeas relief.

After careful consideration of the parties' arguments and the record on appeal, this Court finds that the circuit court's conclusions are adequate to support the denial of petitioner's third petition. The Court notes that the circuit court's determinations that the second petition did not warrant a hearing and that "[t]he Petitioner's subsequent third petition merely expounded on the grounds raised in the second petition that was denied by this Court[.]" The circuit court's findings are entitled to deference. *See* Syl. Pt. 1, *Mathena*; *see also* Syl. Pt. 1, *State ex rel. Postelwaite v. Bechtold*, 158 W.Va. 479, 212 S.E.2d 69 (1975) ("Findings of fact made by a trial court in a post-conviction habeas corpus proceeding will not be set aside or reversed on appeal by this Court unless such findings are clearly wrong."). Therefore, this Court concludes that the circuit court did not abuse its discretion in denying the third petition without a hearing and without the appointment of counsel. *See* Syl. Pt. 1, *Perdue.*

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**   November 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II