## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Irvin V. Cowgill,**
**Petitioner Below, Petitioner**

**FILED**

December 2, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-0636** (Hampshire County 12-C-16)

**Patrick A. Mirandy, Warden,**
**St. Mary's Correctional Center,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Irvin V. Cowgill, by counsel Jonathan G. Brill, appeals the order of the Circuit Court of Hampshire County, entered February 15, 2013, denying his amended petition for writ of habeas corpus. Respondent Warden Patrick A. Mirandy appears by counsel Christopher S. Doddrill.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

With respect to the denial of a petition for a writ of habeas corpus, this Court has held:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a de novo review." Syl. pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Thompson v. Ballard*, 229 W.Va. 263, 728 S.E.2d 147 (2012).

Petitioner, pro se, filed a petition for writ of habeas corpus with this Court on August 24, 2011, seeking review of his 2002 conviction of murder in the second degree. By order entered February 14, 2012, the Court directed the Circuit Court of Hampshire County to appoint counsel to file a petition on two issues: petitioner's assertion that the State failed to disclose evidence of the murder victim's criminal history, and petitioner's assertion that the murder victim was an illegal immigrant. The circuit court appointed an attorney who filed an amended petition addressing the first issue; petitioner conceded the second issue because counsel discovered

1

evidence to the contrary.

In its order denying the petition for writ of habeas corpus, the lower court made this finding of fact[1]:

> [I]n this case, [p]etitioner's issue is with regard to the disclosure of information regarding specific acts of violence against third parties by the victim, allegedly contained within the victim's criminal history record. The [c]ourt finds that the prosecuting attorney faxed the victim's criminal history to [p]etitioner's trial counsel. The [c]ourt finds that Exhibits A and B, attached to the Response to Amended Petition, clearly show that the criminal history was disclosed to [p]etitioner's trial counsel on August 15, 2002. Therefore, the [c]ourt concludes that [p]etitioner is not entitled to any relief on this ground.

The court then "conclude[d] that an evidentiary hearing is not required for the [c]ourt to make these findings and conclusions inasmuch as all of the grounds alleged can readily be determined by reference to the record."

On appeal, petitioner presents a single assignment of error: that the circuit court failed to conduct an evidentiary hearing to address this issue. We have held that "[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing . . . if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Petitioner does not assert that the circuit court incorrectly found that the State disclosed the victim's criminal history, only that the court made its finding based solely on the State's contention. In making this finding, however, the circuit court had before it copies of the faxed documents, together with the appropriate cover sheet, noting the completion of the transmission. We find that this was a satisfactory basis for the circuit court's denying the petition without conducting a hearing, and petitioner has demonstrated no entitlement to relief.

For the foregoing reasons, we affirm.

Affirmed.

---

[1]In light of this specific factual finding, we find no merit in petitioner's argument that the [c]ourt's order denying [p]etitioner's relief requested fails to set forth specific findings of fact and conclusions of law as to why a hearing was not held. The lower court, as set forth in its order, makes a conclusive statement that 'all of the grounds alleged can readily be determined by reference to the [criminal] record. . . .

2

**ISSUED:**  December 2, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II