# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David R. Leake,**
**Petitioner Below, Petitioner**

**vs) No. 15-0416** (Mingo County 14-C-99)

**Karen Pszczolkowski, Warden,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David R. Leake, by counsel Karen S. Hatfield, appeals the Circuit Court of Mingo County's April 7, 2015, order denying his petition for writ of habeas corpus. Respondent Karen Pszczolkowski, Warden, by counsel Shannon Frederick Kiser, filed a response.[1] On appeal, petitioner argues that the circuit court erred in finding that it had jurisdiction to enter his criminal conviction, that he received effective assistance of counsel, that venue was proper, and that there was sufficient evidence to convict him.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that petitioner's appeal is moot. For these reasons, a memorandum decision dismissing this case is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2007, petitioner was charged with one count of neglect of an elderly person and, pursuant to a plea agreement, he pled guilty to the crime charged. In January of 2008, petitioner was sentenced to an indefinite term of incarceration of not less than two years nor more than ten years. December 26, 2008, petitioner was released from incarceration and placed on probation. In November of 2013, petitioner was convicted of a robbery in Logan County, West Virginia and incarcerated as a result.

In June of 2014, petitioner filed a petition for writ of habeas corpus in the circuit court relating to his January of 2008 guilty plea to neglect of an elderly person. After filing the petition, petitioner was appointed counsel to file an amended petition which alleged twelve grounds for relief. Petitioner's amended petition alleged the following twelve assignments of error: (1) the circuit court lacked jurisdiction due to ineffective assistance of counsel; (2) petitioner made an involuntary plea; (3) trial counsel failed to appeal petitioner's conviction; (4)

---

[1]Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, we have replaced the original respondent, Karen Pszczolkowski, with Marvin Plumley, who is the current warden of the Huttonsville Correctional Center where petitioner is incarcerated.

1

ineffective assistance of counsel; (5) no preliminary hearing; (6) petitioner did not receive a copy of his indictment or information; (7) improper venue; (8) petitioner was convicted based on false information; (9) petitioner's conviction was based on insufficient evidence; (10) petitioner's sentence was extreme; (11) petitioner's sentence was excessive; and (12) petitioner received false information regarding parole eligibility. The circuit court then held an omnibus evidentiary hearing on the petition in November of 2014. Petitioner testified that he was never properly informed of the elements of the charge against him or of being classified as a caregiver. He contended that an earlier plea offer imposed a lesser sentence but he refused the original offer upon his counsel's advice. He also testified that he never appeared in magistrate court, never received a copy of the information filed against him, and he accepted the final plea deal out of "fear that he would be incarcerated for a long time." Petitioner also contended that a motion for reconsideration was never filed on his behalf.[2]

On cross-examination, petitioner admitted that he was not formally charged in magistrate court, was advised of his post-conviction rights, and never requested a new attorney. Petitioner admitted that a motion for reduction of sentence was filed on his behalf a year later and he was subsequently incarcerated, after his release, on unrelated charges. Petitioner also admitted that he acknowledged himself to be the caregiver of the elderly victim at the time of his plea agreement and he elected not to read the documents relating to his plea agreement. At the same hearing, respondent presented evidence that petitioner did not call his trial counsel as a witness and he refused to waive privilege and allow such testimony. Respondent also presented evidence that petitioner was never offered an earlier plea agreement. At the close of the hearing, the circuit court found that there was no evidence on the record supporting petitioner's allegation that his trial counsel was ineffective or deficient. The circuit court further found that, considering the totality of the circumstances, petitioner failed to prove his claims regarding his guilty plea and he entered his plea knowingly, intelligently, and voluntarily. The circuit court determined that petitioner was explicitly notified of his right to appeal, waived his appeal, and signed a waiver of indictment. The circuit court also determined that petitioner failed to raise improper venue prior to the habeas proceeding and failed to put forth sufficient evidence to support his improper venue claims. The circuit court found that the underlying record refuted all of petitioner's claims. Thereafter, the circuit court denied the petition by order entered on April 7, 2015. It is from this order that petitioner now appeals.

We review the denial of a petition for a writ of habeas corpus under the following standard:

In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard;

---

[2]While the West Virginia Rules of Criminal Procedure do not provide for a motion for reconsideration of sentence, criminal defendants are entitled to seek a reduction of sentence pursuant to Rule 35(b). Accordingly, we will properly refer to petitioner's "motion for reconsideration of sentence" in this memorandum decision as a motion for reduction of sentence or a Rule 35(b) motion.

the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). Additionally, we have held that "[o]n an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

On appeal to this Court, petitioner argues that the circuit court erred in finding that it had jurisdiction to enter petitioner's conviction, he had effective assistance of counsel, venue was proper, and there was sufficient evidence to convict him.[3] Petitioner presents four assignments of error, which can be condensed to two issues: (1) whether the circuit court erred in finding that he had effective assistance of counsel, and (2) whether there was sufficient evidence to convict him. Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court.

Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's April 7, 2015, "Order Denying Petitioner's Petition For Writ Of Habeas Corpus" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED: May 23, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[3] Petitioner essentially argues that because his counsel was deficient, the circuit court lacked the jurisdiction to convict him. We have previously held that "[a] trial court lacks jurisdiction to enter a valid judgment of conviction against an accused who was denied effective assistance of counsel and a judgment so entered is void." Syl. Pt. 25, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974). As such, if it is determined that petitioner received effective assistance of counsel, his jurisdictional argument must fail.

3