# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Thomas Eugene Gardner, Jr.,**
**Petitioner Below, Petitioner**

**FILED**

**June 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 16-0688** (Marion County 16-C-73)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Thomas Eugene Gardner, Jr., by counsel Brent Cameon, appeals the Circuit Court of Marion County's June 17, 2016, order denying his third petition for writ of habeas corpus. Respondent State of West Virginia, by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred in summarily denying his third petition for habeas relief based upon the United States Supreme Court's ruling in *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In the underlying criminal case, petitioner was convicted of one count of distribution and display to a minor of obscene matter, a violation of West Virginia Code § 61-8A-2(a).[1] Following his conviction, the State filed a recidivist information against petitioner, pursuant to West Virginia Code § 61-11-18.[2] In addition to the distribution and display to a minor of obscene

---

[1] Petitioner was alleged to have telephoned a girl he knew to be a minor, engaged her in a sexually explicit conversation, and played for her a recording depicting a child rape. In February of 2010, petitioner was formally charged, by indictment, on one count of distribution and display to a minor of obscene matter. Petitioner subsequently entered a guilty plea to said charge.

[2] West Virginia Code § 61-11-18 provides, in pertinent part, that

> c) When it is determined . . . that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a

**(continued . . .)**

1

matter conviction, the information listed four predicate felony convictions.[3] Ultimately, petitioner admitted to being the same person convicted of the felony offenses listed in the recidivist information, and the circuit court imposed a life sentence.

Petitioner appealed his life sentence to this Court and argued that the circuit court erred in denying his motion to dismiss the indictment. This Court affirmed the circuit court's ruling. *See State v. Gardner*, No. 11-0714, 2012 WL 2892240 (W.Va. Feb. 13, 2012)(memorandum decision). On June 14, 2013, petitioner filed his first petition for writ of habeas corpus. After completion of an omnibus hearing, the circuit court denied the petition and dismissed the case. Petitioner appealed the circuit court's denial of his petition to this Court. This Court affirmed the circuit court's decision by memorandum decision. *See Gardner v. Ballard*, No. 13-1301, 2014 WL 5546202 (W.Va. Nov. 3, 2014)(memorandum decision).

On January 27, 2015, petitioner filed his second petition for writ of habeas corpus. In that petition, petitioner asserted three grounds for relief. By order entered March 24, 2015, the circuit court summarily dismissed petitioner's second petition for habeas relief. Petitioner appealed the circuit court's denial of his second petition to this Court. By order entered December 7, 2015, this Court affirmed this circuit court's denial of petitioner's second writ of habeas corpus by memorandum decision. *See Gardner v. Ballard*, No. 15-0356, 2015 WL 8231278 (W.Va. Dec. 7, 2015)(memorandum decision).

On January 27, 2016, petitioner filed a third petition for writ of habeas corpus.[4] By order entered June 17, 2016, the circuit court summarily dismissed petitioner's third petition for habeas relief. Petitioner appealed the denial of his third petition to this Court. After petitioner filed his third habeas petition, and after the instant appeal was filed, the circuit court appointed counsel for petitioner. In reviewing the third habeas petition, petitioner's counsel discovered that many of the issues addressed in his third petition had been included in his prior habeas petitions. Ultimately, petitioner acknowledged that all of the grounds in his third petition for habeas relief

---

penitentiary, the person shall be sentenced to be confined in the state correctional facility for life.

[3] The four predicate convictions included convictions in Pennsylvania and West Virginia. In Pennsylvania, petitioner was previously convicted of statutory rape and involuntary deviate sexual intercourse. In West Virginia, petitioner was previously convicted of kidnapping and failure to register or provide notice of registration changes.

[4] In his third petition, petitioner raised seven grounds for relief: (1) his underlying felony plea of guilty was not entered into freely, voluntarily, knowingly, and intelligently; (2) West Virginia Code § 61-8A-2 does not provide adequate notice of the prohibited conduct; (3) that his recidivist life sentence is unconstitutional; (4) ineffective assistance of counsel; (5) the predicate conviction under West Virginia Code § 61-8A-2 violates the ex post facto clause of the Federal Constitution; (6) the state provided inadequate notice to petitioner that his conduct constituted a felony; and (7) the circuit court erred in its ruling that petitioner was still subject to a life sentence under West Virginia Code § 61-11-18, based on his other predicate offenses, with or without his prior conviction for involuntary deviate sexual intercourse in Pennsylvania.

2

had been previously and fully adjudicated. However, in light of *Johnson*, a recent United States Supreme Court case, petitioner now argues that the process by which this State determines whether a recidivist life sentence is justified, in light of constitutional proportionality standards, violates due process, as the process is not objective. It is from the circuit court's June 17, 2016, order that petitioner now appeals.

We review a circuit court's dismissal of a habeas petitioner under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006). Further, "[o]n an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complaints, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973).

On appeal, petitioner argues that the circuit court erred in denying his third petition for habeas relief in light of the United States Supreme Court's ruling in *Johnson*. Petitioner contends that his sentence of life imprisonment, under West Virginia Code § 61-11-18, is unconstitutional as the standards by which it was justified are vague. Specifically, petitioner argues that in *Johnson*, the United States Supreme Court ruled that federal courts must use a "categorical approach" when deciding whether an offense is a violent felony for recidivist purposes, looking only to the designation of the prior offense as a felony and not its underlying facts. Petitioner argues that West Virginia Code § 61-11-18 does not require that the predicate or triggering offenses include the use or threatened use of physical force as a requisite element, and, thus, takes an objective process and replaces it with a subjective one.

Conversely, respondent argues that petitioner's reliance on *Johnson* is misplaced. The *Johnson* Court ruled that that the Armed Career Criminal Act of 1984, 18 U.S.C. § 922, was unconstitutionally vague in that an offender would be subject to a recidivist penalty by having previously committed a "violent felony." However, West Virginia's Habitual Offender Statute, West Virginia Code § 61-11-18, contains no such "violence" requirement and is fundamentally distinct from the statute addressed by the *Johnson* Court.

Based upon our review of the record herein and legal precedent, we agree with respondent. Under West Virginia Code § 61-11-18 there is no requirement for any court to determine if the triggering offense is a violent offense, which could arguably be subjective in nature. The plain language of West Virginia Code § 61-11-18 simply states that an individual convicted of two prior crimes punishable by confinement in a penitentiary is subject to a life sentence. Because petitioner's reliance on *Johnson* is misplaced, the circuit court did not err is dismissing petitioner's third petitioner for habeas relief.

3

For the foregoing reasons, we affirm the circuit court's June 17, 2016, order.

Affirmed.

**ISSUED:** June 9, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker