**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Devin Sue Howell,
Petitioner Below, Petitioner

**v.)  No. 23-372** (Ohio County CC-35-2022-C-159)

J.D. Sallaz, Superintendent,
Lakin Correctional Center,
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioner Devin Sue Howell appeals the Circuit Court of Ohio County's May 3, 2023, order denying her petition for a writ of habeas corpus.[1] The petitioner argues that her trial counsel provided ineffective assistance, that her sentence was more severe than expected, and that there was insufficient evidence to support her conviction. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioner was indicted on one count of first-degree robbery and one count of conspiracy to commit first-degree robbery after she held the cashier of a local pizzeria at knifepoint and took money from the register before fleeing the premises. In June 2019, the petitioner entered into a plea agreement with the State whereby she agreed to plead guilty to one count of first-degree robbery and the State agreed to dismiss the remaining count of conspiracy. As part of the terms of the plea agreement, the State agreed to recommend a sentence of no more than sixty years of imprisonment. Ultimately, the circuit court sentenced the petitioner to sixty years of imprisonment, stating that she committed a "terrible offense," and that armed robbery is one of "the most serious offense[s] in the State of West Virginia." The petitioner did not appeal her sentencing order.

In May 2022, the petitioner, self-represented, filed a petition for a writ of habeas corpus. The petitioner listed three grounds for relief: ineffective assistance of counsel, more severe sentence than expected, and sufficiency of the evidence. By order dated May 3, 2023, the circuit court denied the petition. The petitioner now appeals. We review the circuit court's order "and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

---

[1] The petitioner is a self-represented litigant. The respondent appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease Proper. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

The circuit court thoroughly considered and addressed each of the petitioner's claims.[2] Upon our review, we conclude that the petitioner has not satisfied her burden of demonstrating error in the court's rulings, and we find none. *See* Syl. Pt. 2, *Dement v. Pszczolkowski*, 245 W. Va. 564, 859 S.E.2d 732 (2021) (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)) ("On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court."). Accordingly, we find that the circuit court did not abuse its discretion in denying habeas relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 11, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

[2] The petitioner attempts to expand on the arguments she made below on appeal, including details in support of her claims that were not provided to the circuit court for consideration. Specifically, for the first time on appeal, the petitioner attempts to argue that her trial counsel was ineffective for failing to challenge the State's "line-up" of the petitioner when she was identified by the cashier immediately after the robbery, for advising her to accept the plea offer from the State, for leading her to believe the court would sentence her to "the minimum amount on a 10-60 year crime," and for failing to look at the discrepancies in the report given by the cashier and the official police reports. To the extent that the petitioner's arguments to this Court were not raised below, we decline to review them now on appeal. *See State v. Ward*, 245 W. Va. 157, 162, 858 S.E.2d 207, 212 (2021) (noting the general rule that "nonjurisdictional questions raised for the first time on appeal will not be considered").

2