**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

Larry Gale Owens,
Petitioner Below, Petitioner

**v.) No. 23-303** (Wood County CC-54-2017-P-192)

Russell Maston, Superintendent,
St. Marys Correctional Center,
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioner Larry Gale Owens appeals the Circuit Court of Wood County's April 19, 2023, order denying his petition for a post-conviction writ of habeas corpus.[1] The petitioner argues that the circuit court erred in denying his request for relief on twenty-five assignments of error regarding pre-trial information and procedures, evidentiary issues, sentencing, and ineffective assistance of counsel that he asserts occurred during his trial for murder. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court is appropriate. *See* W. Va. R. App. P. 21.

A jury convicted the petitioner of second-degree murder for the death of Jeffrey Hughart; and, on March 14, 2016, the circuit court sentenced him to forty years of imprisonment. He appealed his conviction, and we affirmed the circuit court's sentencing order. *See State v. Owens*, No. 16-0268, 2017 WL 4231322 (W. Va. Sept. 25, 2017) (memorandum decision).

On July 26, 2021, the petitioner filed a petition for a writ of habeas corpus alleging twenty-five grounds of error. The habeas court appointed counsel to represent the petitioner, took judicial notice of the record from the petitioner's prior criminal and appellate proceedings, and heard testimony from the petitioner's trial attorneys, the trial prosecutor, and the petitioner. The habeas court reviewed each of the petitioner's assertions and, in an order dated April 19, 2023, denied habeas relief. The petitioner now appeals the circuit court's order. On review of a circuit court's

---

[1] The petitioner appears by counsel Reggie Bailey. The State of West Virginia appears by Attorney General John B. McCuskey and Assistant Solicitor General Spencer J. Davenport. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Additionally, the Court has automatically substituted the name of the current Superintendent of St. Marys Correctional Center as the respondent. *See* W. Va. R. App. P. 41(c).

order denying habeas relief, "[w]e review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

On appeal, the petitioner alleges that the court erred in denying him habeas relief and asserts the same twenty-five assignments of error that he raised in the circuit court, which may be consolidated as follows: the improper timing of the petitioner's competency evaluation, the prosecution's failure to provide notice of witness agreements, delays in the petitioner's indictment and arraignment, denial of bond, defects in the petitioner's indictment, prejudicial pre-trial publicity, alleged unethical conduct by defense counsel for continued involvement with the petitioner's case after she became a prosecutor, prejudice from jurors observing the petitioner in a holding cell, evidentiary rulings during trial, allegedly perjured testimony from prosecution witnesses, insufficient evidence for conviction, inaccuracies in the presentence investigation report, and improper search and seizure by police. The petitioner also asserts that the court erred in denying his claims of ineffective assistance of trial counsel due to counsels' decision to call an unsuitable expert witness and to use the murder weapon for demonstrative purposes during closing arguments. The petitioner further alleges that counsel was ineffective for failing to: 1) pursue an accidental death defense strategy, 2) provide him with copies of the indictment and presentence investigation report, 3) explain his right to testify, 4) address false statements made by the police, and 5) test and display a lava rock as evidence.

The circuit court thoroughly considered and addressed each of these claims in its well-reasoned order denying the petitioner habeas relief. The petitioner has not identified any error in the circuit court's findings or conclusions but has merely duplicated the arguments advanced below. Accordingly, the petitioner has not satisfied his burden of demonstrating error in the court's rulings, and we find none. *See* Syl. Pt. 2, *Dement v. Pszczolkowski*, 245 W. Va. 564, 859 S.E.2d 732 (2021) ("On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973))). Finding no error in the court's detailed findings and conclusions on the assignments of error raised by the petitioner, we affirm.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 28, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Tim Armstead
Justice Elizabeth D. Walker
Justice C. Haley Bunn
Justice Charles S. Trump IV