## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ferris M.,**
**Petitioner Below, Petitioner**

**FILED**

November 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 13-0224** (Kanawha County 13-MISC-21)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ferris M.,[1] appearing *pro se*, appeals the order of the Circuit Court of Kanawha County, entered February 11, 2013, that dismissed without prejudice his petition for writ of habeas corpus. Respondent Warden, by counsel Laura Young, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2009, petitioner was charged by an information on three counts: (1) third degree sexual assault; (2) sexual abuse by a parent, guardian, or custodian; and (3) nighttime burglary. The first two counts related to an incident occurring in 2005,[2] while the nighttime burglary charge arose out of an incident occurring in 2009. Petitioner waived his right to be indicted.

Petitioner also entered into a plea agreement with the State. The plea agreement provided that petitioner would plead guilty to all three charges and that the State would recommend incarceration, but also stand silent as to whether petitioner's sentences should be run consecutively or concurrently. The plea agreement allowed petitioner to enter his guilty pleas pursuant to

*Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987), and stated that the State would provide the factual basis for petitioner's pleas.

---

[1] Because of sensitive facts, we protect the identities of those involved. *See State ex rel. West Virginia Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2] According to petitioner, the charges out of the 2005 incident were originally dismissed without prejudice in 2007.

The parties appeared for a plea hearing on November 19, 2009. The circuit court asked each of the parties how the plea agreement served their interests. The State indicated the plea agreement served its interests because, *inter alia*, "[petitioner] is entering into a Plea Agreement which causes him pretty significant [prison] time, up to [twelve] to [forty] years." Petitioner's counsel stated that the plea agreement was clearly in petitioner's interests because he was facing the possibility of being indicted on thirty-seven counts.

Thereafter, the circuit court entered into a plea colloquy with petitioner. The circuit court inquired into petitioner's educational background and whether he had any difficulty with reading and writing. Petitioner indicated that he had no such difficulties. The circuit court also asked if petitioner was under a doctor's care. Petitioner responded that he was not, but that he suffered from bouts of epilepsy. The circuit court queried whether petitioner took any medication for the condition or had ever seen a physician for it. Petitioner answered, "No, sir." Petitioner stated that he was acting of his own free will at the plea hearing. Petitioner subsequently answered "no, sir" to the question regarding whether he had been threatened or promised anything in exchange for his guilty pleas. The circuit court confirmed whether "you are acting voluntarily?" Petitioner responded, "Yes, sir." Petitioner also indicated that he understood the consequences of his pleas.

The circuit court inquired of petitioner's counsel whether counsel had discussed with petitioner the rights he would be surrendering by pleading guilty. Petitioner's counsel answered affirmatively and described the rights he had discussed with petitioner. The circuit court then reviewed with petitioner those rights he would waive by pleading guilty. The circuit court next inquired of petitioner whether he was happy with his counsel and whether he was satisfied with counsel's representation. Petitioner answered "yes, sir" to both questions. The circuit court specifically discussed petitioner's right to have any statements improperly obtained by the police suppressed. Petitioner indicated that he understood. The circuit court found that petitioner was acting voluntarily and intelligently, and asked petitioner whether he was willing to relinquish his rights. Petitioner stated, "Yes, sir." The circuit court inquired whether petitioner was prepared to enter his guilty pleas. Petitioner responded affirmatively. Petitioner then pled guilty to the three counts of the information.

The circuit court then queried the State for the factual basis for petitioner's pleas. As to the first two counts, the State indicated that on June 14, 2005, petitioner was found in the company of a fourteen-year-old female and that during an interview, "[petitioner] confessed to having sexual intercourse with her that day . . . and being a parent, guardian, or custodian, or person entrusted with her care on that day."[3] Count Three, the nighttime burglary charge, was based on petitioner's breaking and entering, in the summer of 2009, into "the home of his ex-wife . . ., during the nighttime, with the intent to commit a crime therein." The circuit court found that the State would

have been able to satisfy its burden of proving all the charges against petitioner. Accordingly, the circuit court accepted petitioner's pleas.

---

[3] At the time of the 2005 offenses, petitioner was either twenty-five or twenty-six years old.

On November 18, 2009, the circuit court entered an order that adjudged petitioner guilty of all three counts. The circuit court's order specifically noted that petitioner "waive[d] all pre-trial defects with regard to, among others, his arrest, the gathering of evidence and prior confessions, as well as, all non-jurisdictional defects in this criminal proceeding."

The circuit court held petitioner's sentencing hearing on February 1, 2010. Petitioner's counsel argued for leniency because of the environment in which petitioner was living, where there "was a very dysfunctional family that actually encouraged this relationship with the [fourteen]-year-old." Consistent with the plea agreement, the State indicated that it was standing silent as to whether petitioner should be sentenced consecutively or concurrently. The State did point out that petitioner pled guilty to two other charges in addition to the charge of third degree sexual assault. Petitioner stated for himself that he would like to be sentenced concurrently so that he could get the charges behind him and then be able to get on with his life. Following petitioner's statement, the State stated that although it was standing silent as to the issue of consecutive sentences, it was recommending incarceration based on the presentence report in which the probation officer pointed out that "[petitioner] claims that he bought [the victim] from her parents in exchange for crack and beer money" and that "[petitioner] did not understand why he never received his adoption papers, because he believed he could purchase a human being."

In sentencing petitioner, the circuit court indicated that it gave due to consideration to petitioner's request, his counsel's comments about his case, and the presentence report. The circuit court sentenced petitioner to ten to twenty years in prison for sexual abuse by a parent, guardian, or custodian and gave petitioner 306 days of credit for time served. The circuit court sentenced petitioner to one to fifteen years in prison for nighttime burglary, to be served consecutive to the sentence for sexual abuse by a parent, guardian, or custodian. The circuit court sentenced petitioner to one to five years for third degree sexual assault, to be served consecutive to the sentence for third degree sexual assault. After petitioner's prison terms, the circuit court ordered that petitioner be on extended supervision for twenty years pursuant to West Virginia Code § 62-12-26.

Petitioner filed a direct appeal challenging the imposition of consecutive sentences and alleging that the circuit court did not give sufficient reasons for why it sentenced petitioner to consecutive terms. On June 22, 2010, this Court refused petitioner's appeal.

Petitioner filed a petition for a writ of habeas corpus on December 9, 2011, raising (1) ineffective assistance of counsel; (2) whether the imposition of consecutive sentences constituted cruel and unusual punishment; and (3) whether the police coerced a confession. On February 7, 2012, the circuit court dismissed the petition without prejudice pursuant to Rule 4(c) of the West Virginia Rules Governing Post-Conviction Habeas Corpus Procedures, which provides, in pertinent part, as follows: "If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support. The court shall cause the

petitioner to be notified of any summary dismissal." The circuit directed that a copy of its order be

served on petitioner.

Petitioner re-filed his habeas petition on January 11, 2013, and attached a six-page narrative rather than putting his "supporting facts" in the body of the petition. The narrative expanded petitioner's factual allegations, but also contained many of the same allegations contained in his first petition. Petitioner also changed one of his grounds for relief. However, the same substantive arguments are found in both petitions; there was just a change in emphasis.[4] On February 11, 2013, the circuit court once again dismissed the petition without prejudice pursuant to Rule 4(c) directing that a copy of its order be served on petitioner. Petitioner now appeals the circuit court's February 11, 2013 order.

We review the circuit court's order dismissing a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006). In addition, "[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973).

On appeal, petitioner argues that the circuit court erred in (1) not affording him, as a *pro se* litigant, some leniency in judging the adequacy of his petition; (2) not appointing competent counsel who could have corrected and perfected the petition; and (3) not making findings of fact and conclusions of law sufficient to support the dismissal. Petitioner asserts that the circuit court utilized a standardized order that was virtually identical in both dismissals of his petition.[5]

As an appellate court, we concern ourselves not with how the circuit court prepared its

---

[4] The two arguments petitioner rearranged in his second petition were (1) the imposition of consecutive sentences constituted cruel and unusual punishment; and (2) the prosecutor committed misconduct by telling the circuit court at the November 18, 2009 plea hearing that the plea agreement served the State's interests by still subjecting petitioner to significant prison time. Under this second argument, petitioner specifically alleges that the prosecutor breached the State's promise to stand silent and planted the idea of consecutive sentences in the circuit court's mind by stating the maximum possible aggregate term petitioner was facing.

[5] Respondent argues that the circuit court committed no error and that its dismissal of the petition should be affirmed.

order, but with whether the circuit court's conclusions accurately reflect the record. *See State ex rel Cooper v. Caperton*, 196 W.Va. 208, 214, 470 S.E.2d 162, 168 (1996). In the case at bar, the circuit court's February 11, 2013 dismissal order is adequately supported by the record. As the circuit court found when petitioner pled guilty, petitioner "waive[d] all pre-trial defects with regard to, among others, his arrest, the gathering of evidence and prior confessions, as well as, all non-jurisdictional defects in this criminal proceeding." The transcript of the November 18, 2009 plea hearing reflects that the circuit court specifically discussed with petitioner the fact that he would be waiving his right to have improperly obtained statements suppressed. Also at the plea hearing, petitioner stated that he was satisfied with counsel's representation. At the end of the colloquy, petitioner indicated that he was willing to relinquish his rights by pleading guilty. As reflected by the transcript of the February 1, 2010 sentencing hearing, the presentence report clearly supported the circuit court's decision to sentence petitioner to consecutive terms.

Finally, contrary to petitioner's allegation, the State did not breach the plea agreement by simply informing the circuit court at the plea hearing of the maximum possible aggregate term petitioner was facing. This statement did not in any way violate the State's promise to stand silent on the issue of consecutively sentencing. Furthermore, at the sentencing hearing, the State told the circuit court twice that it was standing silent as to whether petitioner should be sentenced consecutively or concurrently. Therefore, this Court concludes that the circuit court did not abuse its discretion in dismissing the petition without prejudice pursuant to Rule 4(c).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**   November 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II