No. 14-0920 – *Tex S. v. Karen Pszczolkowski, Warden, Northern Correction Facility*

**FILED**

October 8, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Benjamin, Justice, concurring:

I agree with the majority's decision to affirm the circuit court's order denying petitioner Tex S.'s petition for habeas corpus. I write separately to express my concerns with regard to the reasoning used to justify affirming the circuit court's denial of the petition without conducting an omnibus hearing.

Our law establishes that a court may deny a petition for writ of habeas corpus without a hearing. Syl. pt. 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973) ("A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief."). We review a court's decision to deny a habeas corpus petition without holding an omnibus hearing for abuse of discretion. *Gibson v. Dale*, 173 W. Va. 681, 688, 319 S.E.2d 806, 813 (1984) ([T]he post-conviction habeas corpus statute leaves the decision of whether to conduct an evidentiary hearing . . . in large part to the sound discretion of the court before which the writ is made returnable.").

1

In response to the petitioner's argument that an omnibus hearing was necessary, the majority reasons that the circuit court did not abuse its discretion by deciding the petition for habeas corpus without an omnibus hearing because (1) "[i]n an extensive twenty-eight page order the circuit court painstakingly addressed each and every claim for habeas relief raised by the Petitioner leaving no question why it found that an evidentiary hearing was not needed" and because (2) "the most significant witness [petitioner's trial counsel] could not testify regarding the decisions he made during trial." I disagree with the majority's reasoning on the second point.

The majority relies on *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), to assert that "the primary purpose of an omnibus hearing is grounded in providing the Court with evidence from 'the most significant witness, the trial attorney,' in order to give that individual 'the opportunity to explain the motive and reason behind his or her trial behavior.'" (Quoting *Miller*, 194 W. Va. at 14–15, 459 S.E.2d at 125–26). I disagree with the majority's conclusion that the primary purpose of an omnibus hearing when reviewing an ineffective assistance of counsel claim is to hear testimony from trial counsel. In *Miller*, this Court stated: "In cases involving ineffective assistance on direct appeals, intelligent review is rendered impossible because the most significant witness, the trial attorney, has not been given the opportunity to explain the motive and reason behind his or her trial behavior." 194 W. Va. at 14–15, 459 S.E.2d at 125–26. While it follows from this language that the testimony of trial counsel in an ineffective assistance case at an omnibus hearing allows counsel to explain his or her motive or reason behind

his or her behavior at trial, I do not believe that it stands for the proposition that the *primary purpose* of an omnibus hearing is to receive that testimony. In cases where trial counsel is unavailable, the testimony of other witnesses on the subject of trial strategy may be particularly probative, depending on the specific facts of those cases.

To the extent that the majority's reasoning may be read to imply that the primary purpose of an omnibus hearing is automatically defeated where trial counsel is unavailable, I disagree. It is my opinion that, while important, the availability of trial counsel to testify at a hearing alone does not weigh for or against the need to hold an omnibus hearing. The facts of the case determine the primary purpose for an omnibus hearing and whether testimony from trial counsel or others is necessary. Because the facts of the present case show that an omnibus hearing was unnecessary, I agree with the circuit court's decision to deny the petition for habeas corpus without holding an omnibus hearing.