# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jason Payne,**
**Petitioner Below, Petitioner**

**vs)  No. 16-0340** (Morgan County 12-P-50)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**June 19, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Jason Payne, by counsel Kevin J. Watson, appeals the Circuit Court of Morgan County's March 15, 2016, order denying his petition for writ of habeas corpus. Respondent, David Ballard, Warden, Mt. Olive Correctional Complex, by counsel Nic Dalton, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his request for habeas relief wherein he alleged that he received ineffective assistance of trial counsel. Petitioner further alleges that the circuit court failed to hold an omnibus evidentiary hearing below and erred in denying his petition for habeas corpus on the basis that his grounds for relief were without support and finally adjudicated below.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2006, an informant told police that Keese Bare was dead and that her remains were located in a fire pit at a camp site by the Potomac River referred to as "Lot 17." The informant believed that there were four suspects responsible for the death of Bare: petitioner; Vernon Kerns Jr.; Mr. Kerns' sister Amanda Kerns Ecatah; and Jerome "B.J." Smith. A police investigation revealed that Bare was involved in a credit card theft/fraud ring and was murdered because the other individuals involved believed that she was about to inform law enforcement of the group's activities. An expert from the Smithsonian Institution examined the bone fragments found in the fire pit and positively identified the victim as Keese Bare.

In April of 2007, petitioner was indicted on two counts of breaking and entering, one count of grand larceny, one count of destruction of property, and one count of transferring stolen

1

property.[1] A superseding indictment was later filed and it replaced the previous counts with the following: two counts of breaking and entering, one count of grand larceny, and one count of misdemeanor destruction of property. On April 22, 2007, petitioner's jury trial commenced and he was ultimately convicted on all counts.

In September of 2007, as a result of the same incident, petitioner was indicted on one count of first-degree murder and one count of conspiracy. Petitioner's jury trial commenced and he was ultimately convicted of one count of second-degree murder, a lesser included offense of first-degree murder.

In April of 2008, following petitioner's convictions for breaking and entering, grand larceny, and misdemeanor destruction of property, the State filed an information seeking to enhance his sentence and charge him as a recidivist.[2] In June of 2008, subsequent to his convictions above, the circuit court sentenced petitioner in both cases to the following: a term of incarceration of not less than one nor more than ten years for his conviction of one count of breaking and entering; not less than two nor more than ten years for his conviction of one count of breaking and entering, based upon his admission that he was previously convicted of a felony; not less than one nor more than ten years for his conviction of one count of grand larceny; and one year for his conviction of one count of misdemeanor destruction of property. Petitioner's sentences were ordered to run consecutively to each other. Additionally, petitioner was sentenced to a term of incarceration of forty years for his second-degree murder conviction and to an additional term of five years for his recidivist status. The circuit court ordered that his sentence for the second-degree murder conviction and his additional sentence for his recidivist conviction run consecutively to the sentences imposed above.

In 2012, petitioner filed two direct appeals from both circuit court proceedings claiming the following errors: (1) the circuit court failed to direct a verdict in his favor; (2) the circuit court failed to instruct the jury on the definition of the word "duty;" (3) the circuit court instructed the jury that it could continue to deliberate or recess until the next judicial day; (4) the State failed to disclose phone records which "most probably contained" exculpatory evidence; (5) the circuit court admitted certain evidence at trial under the business records exception to the hearsay rule; (6) the circuit court failed to suppress petitioner's statements made to police; and (7) the circuit court sentenced petitioner in a manner that "should shock the conscience of the Court and society." This Court affirmed petitioner's convictions in two memorandum decisions. *See State v. Payne*, No. 11-1042, 2012 WL 3104259 (W.Va. June 22, 2012) (memorandum decision); and *State v. Payne*, No. 11-1045, 2012 WL 3104253 (W.Va. June 22, 2012) (memorandum decision).

---

[1]Petitioner was also indicted on one count of simple possession of marijuana, which was thereafter severed from the rest of the indictment. Petitioner was subsequently tried and was acquitted of the simple possession of marijuana.

[2]Petitioner admitted to his felony convictions in Morgan County, West Virginia and Howard County, Maryland.

In November of 2012, petitioner filed a petition for writ of habeas corpus relief with the circuit court alleging (1) that he received ineffective assistance counsel at trial; (2) that the circuit court failed to instruct the jury on the definition of the word "duty;" (3) that the circuit court failed to direct a verdict in his favor; (4) that the State failed to disclose exculpatory evidence; (5) that the circuit court failed to suppress petitioner's statements made to police; (6) cumulative error; and (7) additional grounds. The circuit court entered an order on March 15, 2016, denying petitioner's petition for writ of habeas corpus without holding an omnibus evidentiary hearing. It is from this order that petitioner appeals.

This Court reviews a circuit court order denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

First, we address petitioner's arguments that the circuit court erred in denying his request for an omnibus evidentiary hearing based on its finding that his grounds for relief were without support and finally adjudicated below. Specifically, he contends that his petition for writ of habeas corpus presented probable cause that he is entitled to his "day in court," and that the circuit court violated West Virginia Code § 53-4A-7(a). West Virginia Code § 53-4A-7(a) provides, in part, that

> [i]f the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the return or other pleadings, or the record in the proceedings which resulted in the conviction and sentence, or the record or records in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or the record or records in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall enter an order denying the relief sought.

Additionally, West Virginia Code §§ 53-4A-1 through 53-4A-11 contemplate the circuit court's exercise of discretion regarding granting or denying habeas relief.

We have held that a circuit court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing "if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657

(1973). In the comprehensive March 15, 2016, order denying petitioner's request for habeas relief, the circuit court found that the petition demonstrated that petitioner was not entitled to relief and dismissed his petition. The circuit court found that petitioner's grounds for relief were without support and finally adjudicated below. Based on this record, and in light of our holding in *Perdue,* we find no error.

On appeal to this Court, petitioner alleges that he was entitled to habeas relief because his trial counsel was ineffective. He further alleges that the circuit court failed to instruct the jury on the definition of the word "duty;" direct a verdict in his favor; and suppress his statements made to police. Additionally, petitioner alleges that the State failed to disclose exculpatory evidence; cumulative error; and additional grounds which he concedes are unsupported by the record. The Court, however, does not agree. Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on these alleged errors, which were also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's March 15, 2016, "Order Denying Petition for Writ of Habeas" to this memorandum decision.

For the foregoing reasons, we affirm the circuit court's March 15, 2016, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** June 19, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4

# IN THE CIRCUIT COURT OF MORGAN COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA, ex rel.
JASON PAYNE,

Petitioner,

v.

**CIVIL CASE NO. 12-P-50**
**Underlying Criminal Case Nos.: 07-F-68**
**and 07-F-69**
**JUDGE WILKES**

DAVID BALLARD, Warden,
Northern Correctional Facility

Respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

This matter came before the Court this ___15___ day of March, 2016, pursuant to Petitioner's Petition for Post-Conviction Habeas Corpus Relief. Petitioner, Jason Payne, by counsel Kevin J. Watson, Esq., and Respondent, David Ballard, Warden, by counsel Debra M.H. McLaughlin, Esq., Prosecuting Attorney of Morgan County, have fully briefed the issues before the Court. The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. Upon these briefs, all matters of record in this case, the underlying criminal case, and the appeal; and review of the pertinent legal authorities, the Court rules that each of Petitioner's claims fail to show any constitutional error or any need for an evidentiary hearing, and therefore the Petition should be denied and the sentences should be upheld.

*Procedural History and Findings of Fact Relevant to Petitioner's Claims*

1. In April 2007, Petitioner was indicted on in Case No. 07-F-34 on six counts: Breaking and Entering (Count I), Breaking and Entering (Count II), Grand Larceny (Count III),

Destruction of Property (Count IV), Transferring Stolen Property (Count V), and Simple Possession Marijuana (Count VI). Count V was thereafter severed from the rest of the charges.[1]

2. A Pretrial Hearing was held on May 24, 2007 in said Case No. 07-F-34, wherein Cpl. C.A. Pearrell testified about the verbal statements made by Petitioner on December 26, 2006.

3. A Superseding Indictment was filed changing the aforementioned case number to Case No. 07-F-68, and replacing Counts I – IV in Case No. 07-F-34 with similar charges: Breaking and Entering (Count I), Breaking and Entering (Count II), Grand Larceny (Count III), Misdemeanor Destruction of Property (Count IV).

4. This matter came on for trial before a jury on April 22, 2008, wherein Petitioner was convicted on all counts.

5. Following this conviction, the State filed an Information on April 28, 2008, seeking an enhancement of Petitioner's sentence and charging Petitioner as a recidivist.[2]

6. Meanwhile, on September 4, 2007, Petitioner was indicted in Case No. 07-F-69 on two counts: Murder (Count I) and Conspiracy (Count II).

7. Thereafter, Case No. 07-F-69 came on for trial before a jury commencing on May 6, 2008 and lasted until May 9, 2008. At the conclusion of the trial, the jury found Petitioner guilty of murder in the second degree, a lesser included offense of Count I.

8. Following the trials, on June 9, 2008, Petitioner was subsequently sentenced pursuant to both Case Nos. 07-F-68 and 07-F-69. Petitioner was sentenced to not less than one nor

---

[1] Petitioner's charge under Count V of the Indictment proceeded to trial on July 6, 2007, wherein said trial resulted in an acquittal for Petitioner.

[2] Petitioner was previously convicted in Morgan County, West Virginia Case Nos. 01-F-11 and 00-F-52 and Howard County, Maryland, District Court Case No. 3T00049808.

more than ten years imprisonment upon the felony conviction of breaking and entering contained in Count I; not less than two nor more than ten years imprisonment upon the felony conviction of breaking and entering contained in Count II, based upon his previous admission to a recidivist action, having one prior felony conviction; not less than one nor more ten years imprisonment upon the felony conviction of grand larceny contained in Count III; and one year confinement upon the misdemeanor conviction of destruction of property contained in Count IV, all of which were ordered to run consecutively to each other, pursuant to Case No. 07-F-68. Petitioner was sentenced to a period of forty years and an additional five years for his recidivist status imprisonment upon the felony conviction of second degree murder, a lesser included offense of Count I, pursuant to Case No. 07-F-69, which was ordered to run consecutive to the sentence imposed in Case No. 07-F-68.

9. Petitioner made a direct appeal of Case No. 07-F-69 with the assistance of counsel claiming error by: (1) failing to direct a verdict in his favor, (2) failing to instruct the jury on the definition of the word "duty", (3) instructing the jury it could continue to deliberate or recess until the next judicial day, and (4) failing to obtain phone records which "most probably contained" exculpatory evidence. On June 22, 2012, the West Virginia Supreme Court of Appeals affirmed the trial court's decision.

10. Petitioner made a direct appeal of Case No. 07-F-68 with the assistance of counsel claiming error by: (1) failing to direct a verdict in his favor, (2) admitting certain evidence at trial under the business records exception to the hearsay rule, (3) failing to suppress Petitioner's statements made to Cpl. Pearrell, and (4) sentencing Petitioner in a

manner that "should shock the conscience of the Court and of society". On June 22, 2012, the West Virginia Supreme Court of Appeals affirmed the trial court's decision.

11. On November 5, 2012, Petitioner filed the instant Petition for Writ of Habeas Corpus. The underlying criminal cases are Case Nos. 07-F-68 and 07-F-69.

12. Counsel was appointed, and an Amended Petition and *Losh* list were filed June 10, 2015. Respondent's Answer was filed on January 13, 2016.

13. Mr. B. Craig Manford, Esq. was trial counsel at all times relevant to Petitioner's claims stemming from both Case Nos. 07-F-68 and 07-F-69.

## Standard Upon a Petition For Post-Conviction Habeas Corpus Relief

Petitioner's collateral attack upon his conviction and sentence comes in the form of an Amended Petition for Writ of Habeas Corpus brought pursuant to the West Virginia post-conviction habeas corpus statute, W.Va. Code §§ 53-4A-1, *et seq.*

The procedure surrounding petitions for writ of habeas corpus is "civil in character and shall under no circumstances be regarded as criminal proceedings or a criminal case." W. Va. Code § 53-4A-1(a); *State ex rel. Harrison v. Coiner*, 154 W. Va. 467 (1970). A habeas corpus proceeding is markedly different from a direct appeal or writ of error in that only errors involving constitutional violations shall be reviewed. *Syl. Pt. 2., Edwards v. Leverette*, 163 W. Va. 571 (1979).

> "If the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the return or other pleadings, or the record in the proceedings which resulted in the conviction and sentence . . . show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall enter an order denying the relief sought."

W. Va. Code § 53-4A-7(a).

If the Court upon review of the petition, exhibits, affidavits, or other documentary evidence is satisfied that Petitioner is not entitled to relief the Court may deny a petition for writ of habeas corpus without an evidentiary hearing. *Syl. Pt. 1, Perdue v. Coiner*, 156 W. Va. 467 (1973); *State ex rel. Waldron v. Scott*, 222 W. Va. 122 (2008). Upon denying a petition for writ of habeas corpus the Court must make specific findings of fact and conclusions of law as to each contention raised by the Petitioner, and must also provide specific findings as to why an evidentiary hearing was unnecessary. *Syl. Pt. 1, State ex rel. Watson v. Hill*, 200 W. Va. 201 (1997); *Syl. Pt. 4., Markley v. Coleman*, 215 W. Va. 729 (2004); R. Hab. Corp. 9(a). On the other hand, if the Court finds "probable cause to believe that the petitioner may be entitled to some relief . . . the court shall promptly hold a hearing and/or take evidence on the contention or contentions and grounds (in fact or law) advanced . . . ." W. Va. Code § 53-4A-7(a).

When reviewing the merits of a petitioner's contention, the Court recognizes that "there is a strong presumption in favor of the regularity of court proceedings and the burden is on the person who alleges irregularity to show affirmatively that such irregularity existed." *Syl Pt. 2, State ex rel. Scott v. Boles*, 150 W. Va. 453 (1966). Furthermore, specificity is required in habeas pleadings, thus a mere recitation of a ground for relief without detailed factual support will not justify the issuance of a writ or the holding of a hearing. W. Va. Code § 53-4A-2; *Losh v. McKenzie*, 166 W. Va. 762, 771 (1981). "When a circuit court, in its discretion, chooses to dismiss a habeas corpus allegation because the petition does not provide adequate facts to allow the circuit court to make a 'fair adjudication of the matter,' the dismissal is without prejudice." *Markley v. Coleman*, 215 W. Va. 729, 734 (2004), *see* R. Hab. Corp. 4(c). However, rather than dismissing without prejudice the court may "summarily deny unsupported claims that are

randomly selected from the list of grounds," laid out in *Losh v. McKenzie*. *Losh v. McKenzie,* 166 W. Va. 762, 771 (1981); *Markley v. Coleman*, 215 W. Va. 729, 733 (2004).

In addition to a review on the merits, the Court must determine if the contentions raised by the petitioner have been previously and finally adjudicated or waived. "West Virginia Code § 53-4A-1(b) (1981) states that an issue is 'previously and finally adjudicated' when, at some point, there has been 'a decision on the merits thereof after a full and fair hearing thereon' with the right to appeal such decision having been exhausted or waived, 'unless said decision upon the merits is clearly wrong.'" *Smith v. Hedrick*, 181 W. Va. 394, 395 (1989). But, a "rejection of a petition for appeal is not a decision on the merits precluding all future consideration on the issues raised therein . . ." *Syl. Pt. 1, Smith v. Hedrick*, 181 W. Va. 394 (1989). However, "there is a rebuttable presumption that petitioner intelligently and knowingly waived any contention or ground in fact or law relied on in support of his petition for habeas corpus which he could have advanced on direct appeal but which he failed to so advance." *Syl. Pt. 1, Ford v. Coiner*, 156 W. Va. 362 (1972). In addition, any grounds not raised in the petition for habeas corpus are deemed waived. *Losh v. McKenzie*, 166 W. Va. 762 (1981).

## Conclusions of Law

This matter comes before the Court upon Petitioner's Amended Petition for Writ of Habeas Corpus. The Amended Petition in this matter makes seven assignments of error: (I) ineffective assistance of counsel, (II) failure to properly instruct the jury, (III) improper verdict, (IV) failure to disclose exculpatory evidence, (V) statements should have been suppressed, and (VI) due process violation based on cumulative effect of errors. Additionally, Petitioner sought relief based on various additional general grounds, being: (1) mental competency, (2) use of perjured testimony, (3) use of prejudicial statements in closing arguments, (4) insufficiency of

evidence, (5) improper communications between prosecutor and witness, (6) excessive sentence, and (7) improper calculation of time served. With the hereafter analysis, this Court finds these claims clearly fail to show any constitutional error and do not merit an evidentiary hearing.

I.      Ineffective Assistance of Counsel

Petitioner's first claim is that the assistance of counsel that he received was so ineffective that it violated his constitutional right to counsel. To support this claim, Petitioner argues: (1) counsel should have requested the trial court give a better instruction to the jury in response to their question about the definition of the word "duty"; (2) counsel should have moved to suppress his statements to police, (3) counsel should have objected to the admission of his statements to police, and (4) counsel did not raise said previous arguments on appeal. This ineffective assistance of counsel claim is insufficient under the appropriate standard.

Both the Sixth Amendment to the Constitution of the United States and Article III, §14 of the Constitution of West Virginia assure not only the assistance of counsel in a criminal proceeding but that a defendant should receive "competent and effective assistance of counsel." *State ex rel. Strogen v. Trent*, 196 W. Va. 148, 152 (1996). In order to evaluate whether a defendant has received competent and effective assistance from their counsel, West Virginia has adopted the two pronged test established by the United State Supreme Court in *Strickland v. Washington*. In order to prevail on a claim of ineffective assistance of counsel a petitioner under the two-prong test must show: "(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3 (1995) (referencing *Strickland v. Washington*, 466 U.S. 668 (1984)) (hereinafter "Strickland test"). "In reviewing counsel's performance, courts must apply an

objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue." Syl. Pt. 6, *State v. Miller*, 194 W. Va. 3 (1995); Syl. Pt 2, *State ex rel. Strogen v. Trent*, 196 W. Va. 148, 152 (1996). "Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused." Syl. Pt. 21, *State v. Thomas*, 157 W. Va. 640, 203 S.E.2d 445 (1974).

The Supreme Court of Appeals of West Virginia has reiterated these principles. Syl. Pts. 1-4, *State ex rel. Kitchen v. Painter*, 226 W.Va. 278, 700 S.E.2d 489 (2010).

This Court finds each of Petitioner's arguments supporting his ineffective assistance of counsel claim was not deficient under an objective standard of reasonableness, and that counsel acted reasonably. Therefore, this Court finds each of Petitioner's arguments do not satisfy the first prong under *Strickland*, and the court does not need to move onto the second prong of *Strickland* and analyze whether or not the outcome of Petitioner's case likely could have been different. Each of Petitioner's arguments supporting his ineffective assistance of counsel claim are taken up in turn below.

a. *Jury Instruction on Duty*

First, when the jury, during deliberations, had a question for the trial court concerning the definition of the word "duty", Petitioner argues his counsel was insufficient because he did not insist that the jury be instructed that a witness that is a mere bystander has no duty to intervene.

*See* Amended Petition p. 9. Specifically, Petitioner argues there was discussion, but trial counsel made no such motion. *Id.* at 10. The West Virginia Supreme Court of Appeals has held that "where a party does not make a clear, specific objection at trial to the charge that he challenges as erroneous, he forfeits his right to appeal unless the issue is so fundamental and prejudicial as to constitute 'plain error.'" *State v. Davis*, 220 W. Va. 590, 593, 648 S.E.2d 354, 357 (2007) *citing Guthrie*, 194 W.Va. at 671 n. 13, 461 S.E.2d at 177 n. 13. In this case, in its review of the trial court's response to the jury's question on duty, the West Virginia Supreme Court found Petitioner did not meet his burden of proving plain error. We note that the trial court brought the jury back out and all parties offered to break for the night, as it was already late, to give counsels time to look up more definitions of duty for them. At that time, the jury declined and decided to continue deliberating. *See* Transcript of Sentencing Hearing, 6/8/08, p. 4. Petitioner argues that counsel should have then requested a better response to their question on duty; however, as the West Virginia Supreme Court affirmed the trial court's response to the question on duty, this Court finds that the actions of counsel were reasonable under an objective standard. Thus, Petitioner does not meet the standard of the first-prong of the *Strickland* test. Accordingly, Petitioner's claim must fail.

Therefore, the Court must find that there is no need for an evidentiary hearing, and this claim is without merit and should be denied.

b. *No Motion to Suppress Petitioner's Statements to Police*

Petitioner next argues his trial counsel was ineffective because he did not move to suppress Petitioner's statements to law enforcement that were used in Case No. 07-F-68. Petitioner agues it is unclear if a suppression hearing was held at the pretrial hearing, but it is believed that counsel did not move to suppress the statements. *See* Amended Petition p. 10. Petitioner argues

it was unreasonable for counsel not to move to suppress the statements, and that the outcome likely would have been different if the statements were suppressed, satisfying the *Strickland* standard.

This argument was raised on direct appeal. In its review of this claim, the West Virginia Supreme Court found all of Petitioner's statements to Cpl. Pearrell were voluntarily made and there was no abuse of discretion in the use of said statements at trial. *See* Memorandum Decision No. 11-1042, p. 5. As the West Virginia Supreme Court affirmed the use of Petitioner's statements to law enforcement at trial, this Court finds that the actions of counsel were reasonable under an objective standard, thus, not meeting the first prong of the *Strickland* test. Petitioner's claim must fail.

Therefore, the Court finds this contention to be without merit. Accordingly, Petitioner is not entitled to any relief, and the Court sees no need for an evidentiary hearing thereon.

c. *No Objection to Petitioner's Statements to Police*

Third, Petitioner argues counsel was insufficient because he should have objected to the admission of Petitioner's statements to police, described *supra*, to police in Case No. 07-F-68. Petitioner proffers this argument as an apparent alternative to counsel moving to suppress said statements. Petitioner argues had they at least been objected to, the removal of them from the jury's consideration likely would have created a different outcome, satisfying *Strickland*.

For the same reasons in this Court's analysis above that counsel was reasonable for not moving to suppress these statements, this Court also finds it was reasonable for counsel not to object when they were admitted. This argument was raised on direct appeal. In its review of this claim, the West Virginia Supreme Court found all of Petitioner's statements to Cpl. Pearrell were voluntarily made and there was no abuse of discretion in the use of said statements at trial. *See*

Memorandum Decision No. 11-1042, p. 5. The West Virginia Supreme Court affirmed the use of Petitioner's statements to law enforcement at trial; therefore, this Court finds that the actions of counsel were reasonable under an objective standard. Petitioner's claim must fail.

Therefore, the Court finds this contention to be without merit. Accordingly, Petitioner is not entitled to any relief, and the Court sees no need for an evidentiary hearing thereon.

### d. *Failure to Raise Said Grounds on Appeal*

Finally, Petitioner's last assignment of error in his ineffective assistance of counsel claim is that trial counsel should have raised his arguments on appeal. Petitioner argues the "grounds raised herein show some serious trial errors" but that "some of the issued raised herein were not raised on appeal." This Court does not agree. As described above, this Court finds each of these issues was adequately addressed on appeal. The underlying causes of action which were the bases of the ineffective assistance of counsel claims contained in the Amended Petition were affirmed by the West Virginia Supreme Court of Appeals. Therefore, these causes of action were adequately heard on appeal.

Therefore, the Court finds this contention to be without merit. Accordingly, Petitioner is not entitled to any relief, and the Court sees no need for an evidentiary hearing thereon.

II.     All Other Contentions Previously Raised

In addition to the ineffective assistance of counsel argument, Petitioner raises several other contentions, all of which are barred, as they have all been raised previously on direct appeal in Case Nos. 07-F-68 and 07-F-69. First, Petitioner reiterates his contention that the jury was not instructed properly in response to its question regarding the word "duty", but in this argument, Petitioner maintains this violation was at the fault of the Court rather than counsel,

alleging a due process violation instead of the ineffective assistance of counsel violation stemming from the same facts that he articulated in his first ground. Next, Petitioner asserts his right to due process was violated because the trial court, in Case No. 07-F-69, did not order a new trial after the verdict was returned. Also, Petitioner argued his due process rights were violated because of exculpatory phone records that were not disclosed in Case No. 07-F-69. Next, Petitioner argued his due process rights were violated when his statements he made to the police were admitted in Case No. 07-F-68. Finally, Petitioner argues a due process violation based on the cumulative effect of all of said errors. This court finds each of these issues must fail because they were already argued on direct appeal.

### a. Due Process Violation From Jury Instruction on Duty

In this assignment of error, Petitioner argues his right to due process was violated when the Court instructed the jury on the term "duty" in response to a question from the jury during deliberations. This is the same factual argument surrounding the jury's question on the word "duty" Petitioner asserted in his assistance of counsel argument, except in the instant argument he alleges a due process violation as a result of the Court, not an infringement on his right to counsel as a result of his counsel. With regard to this argument, the Court finds this claim should be denied because it was brought on direct appeal and because it lacks merit. In its Memorandum Decision issued June 22, 2012, the West Virginia Supreme Court of Appeals addressed and analyzed this very argument, finding Petitioner did not meet his burden of demonstrating plain error with regard to the trial court's definition of duty. *See* Memorandum Decision No. 11-1045, p. 4.

Notwithstanding this claim being brought upon direct appeal, the Court finds that the claim has no merit. First, the West Virginia Supreme Court of Appeals has held that "where a party does not make a clear, specific objection at trial to the charge that he challenges as erroneous, he forfeits his right to appeal unless the issue is so fundamental and prejudicial as to constitute 'plain error.'" *State v. Davis*, 220 W. Va. 590, 593, 648 S.E.2d 354, 357 (2007) *citing Guthrie*, 194 W.Va. at 671 n. 13, 461 S.E.2d at 177 n. 13. In this case, in its review of the trial court's response to the jury's question, the West Virginia Supreme Court found Petitioner did not meet his burden of proving plain error. We note that the trial court brought the jury back out and all parties offered to break for the night, as it was already late, to give counsels time to look up more definitions of duty for them, and that they declined and decided to continue deliberating. *See* Transcript of Sentencing Hearing, 6/8/08, p. 4. This Court agrees with the West Virginia Supreme Court and finds Petitioner's claim must fail.

Therefore, the Court finds this contention to be without merit. Accordingly, Petitioner is not entitled to any relief, and the Court sees no need for an evidentiary hearing thereon.

### b. Improper Verdict

Petitioner next argues the verdict returned in Case No. 07-F-69 is "wholly unsupported by the evidence presented", because the jury declined to find Petitioner guilty of conspiracy, yet did find him guilty of murder in the second degree, a lesser included offense of murder in the first degree, and that caused the verdicts to be inconsistent. This claim should be denied because it was brought on direct appeal and because it lacks merit.

This argument was raised on direct appeal. Petitioner even admits this issue was heard on appeal, but that it "should be considered here because the decision was 'clearly wrong'". *See* Amended Petition p. 15. The West Virginia Supreme Court of Appeals found, in its review, that

there was sufficient evidence to support Petitioner's convictions. *See* Memorandum Decision No. 11-1045, p. 4.

Notwithstanding this claim being brought upon direct appeal, the Court finds that the claim has no merit.

> A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled.

Syl. Pt. 1, *State v. Miller*, 204 W. Va. 374, 513 S.E.2d 147 (1998).

Under this standard, Petitioner's claim clearly has no merit. It is apparent from the court file, evidence, Petitioner's statement, and the transcripts that the evidence in this case was quite overwhelming. The evidence was plainly sufficient to support the verdicts.

Therefore, the Court finds this contention to be without merit. Accordingly, Petitioner is not entitled to any relief, and the Court sees no need for an evidentiary hearing thereon.

### c. *Failure to Disclose Exculpatory Evidence*

In his next assignment of error, Petitioner argues his due process rights were violated when the prosecutor failed to disclose possibly exculpatory phone records of a witness in Case No. 07-F-69. This claim should be denied because it was brought on direct appeal and because it lacks merit.

This argument was raised on direct appeal. Petitioner argued that the phone records of a witness named Amanda Ekatah were not obtained, and they would have probably contained exculpatory evidence. The West Virginia Supreme Court rejected this contention and found the argument that this evidence would have been exculpatory to be speculative, at best. *See* Memorandum Decision No. 11-1045, p. 4.

Notwithstanding this claim having been previously brought upon direct appeal, the Court finds that the claim has no merit. There are three components of a constitutional due process violation resulting from a prosecutor's failure to disclose favorable or exculpatory evidence: (1) the evidence at issue must be favorable to the defendant as exculpatory or impeachment evidence; (2) the evidence must have been suppressed by the state, either willfully or inadvertently; and (3) the evidence must have been material, i.e., it must have prejudiced the defense at trial. Syl. point 2, *State v. Youngblood*, 221 W. Va. 20 (2007).

Petitioner argued witness Amanda Ekatah disclosed that she had a phone call from co-defendant Vernon Kerns, and because the State did not obtain her phone records, a constitutional due process violation under *Brady v. Maryland*, 373 U.S. 83 (1963) occurred. This Court agrees with the West Virginia Supreme Court and finds that the phone records of Amanda Eketah would not have been material, and the ability to characterize these phone records as exculpatory would have been speculative, at best. This Court notes, additionally, that the state did provide cell phone records for Vernon Kearns as well as his girlfriend, whose phone he was thought to have been using, which would show any evidence of a phone conversation between Amanda Ekatah and Vernon Kearns just as easily as the phone records of Amanda Ekatah would have.

Therefore, the Court finds this contention to be without merit. Accordingly, Petitioner is not entitled to any relief, and the Court sees no need for an evidentiary hearing thereon.

### d. *Due Process Violation from Suppression of Petitioner's Statements*

Petitioner next argues his due process rights were violated when his statements to law enforcement were used against him in Case No. 07-F-68. Petitioner agues he was engaging in good faith plea negotiations and attempting to obtain a lesser sentence for himself and some of his potential co-defendants. *See* Amended Petition p. 16. This claim should be denied because it was brought on direct appeal and because it lacks merit.

This argument was raised on direct appeal. Petitioner argued that court erred in not suppressing his statements made to Cpl. Pearrell and that they were made under a promise of leniency. In its review of this claim, the West Virginia Supreme Court found all of Petitioner's statements to Cpl. Pearrell were voluntarily made and there was no abuse of discretion in the use of said statements at trial. *See* Memorandum Decision No. 11-1042, p. 5.

Notwithstanding this claim being brought upon direct appeal, the Court finds that the claim has no merit.

Rule 11(e)(6) of the West Virginia Rules of Criminal Procedure state:

> Inadmissibility of pleas, plea discussions, and related statements —
> Except as otherwise provided in this paragraph, evidence of the
> following is not, in any civil or criminal proceeding, admissible
> against the defendant who made the plea or was a participant in the
> plea discussions:
>
> (A) A plea of guilty which was later withdrawn;
>
> (B) A plea of nolo contendere;
>
> (C) Any statement made in the course of any proceedings under
> this rule regarding either of the foregoing pleas; or

(D) Any statement made in the course of plea discussions with an attorney for the state which do not result in a plea of guilty or which result in a plea of guilty later withdrawn.

W. Va. R. Crim. P. 11.

This Court rejects the contention that Petitioner's statements were violative of Rule 11(e)(6) of the West Virginia Rules of Criminal Procedure and agrees with the Supreme Court's interpretation that Petitioner was making voluntary statements to Cpl. Pearrell despite being warned not to, and to wait for his attorney. According to Cpl. Pearrell's testimony, Petitioner initiated the contact, calling out to him, saying he needed to talk to the officer, and that the officer responded by telling him he needed to wait for his attorney. *See* Transcript of Testimony of Craig Pearrell, 5/24/07, p. 3 – 8. Additionally, at the pretrial hearing for both Case Nos. 07-F-68 and 07-F-69 on April 10, 2008, Petitioner and the state agreed to incorporate the testimony regarding Cpl. Pearrell into Case No. 07-F-68. Counsel for the state and Petitioner's counsel explicitly stated the following when addressing the Court:

> "The State: I found the old – and I know that for purposes of this hearing if we want to go ahead and make reference to that since it was technically under the old case number 07-F-34 and would agree just to incorporate that part of that hearing from that case over to this because his testimony wouldn't be any different.
>
> Counsel for Petitioner: I would so agree."

Transcript of Pretrial Hearing 4/10/08, p. 4.

Therefore, the Court finds this contention to be without merit. Accordingly, Petitioner is not entitled to any relief, and the Court sees no need for an evidentiary hearing thereon.

III.     Cumulative Effect of Errors

Petitioner's argument here is that even if all of the errors would alone be harmless, their cumulative effect creates a due process violation. *See* Syl. Pt. 5, *State v. Smith*, 156 W.Va. 385, 193 S.E.2d 550 (1972). This claim, however, must be denied.

"Cumulative error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors." *State v. Knuckles*, 196 W.Va. 416, 473 S.E.2d 131, 141 (1996). Herein, the Court has found no merit in each of Petitioner's arguments that there was constitutional error. Likewise, this court finds Petitioner's arguments do not merit relief when considered in their totality, just as they do not individually.

With regard to the claim of other errors, this claim wholly unsupported, and should be summarily denied. *Losh v. McKenzie*, 166 W. Va. 762, 771 (1981); *Markley v. Coleman*, 215 W. Va. 729, 733 (2004). Therefore, the Court finds this contention to be without merit. Accordingly, Petitioner is not entitled to any relief, and the Court sees no need for an evidentiary hearing thereon.

IV.     Other Grounds

Last, Petitioner sought relief based on additional miscellaneous general grounds, being: (1) mental competency, (2) use of perjured testimony, (3) use of prejudicial statements in closing arguments, (4) insufficiency of evidence, (5) improper communications between prosecutor and witness, (6) excessive sentence, and (7) improper calculation of time served.

This Court finds these general grounds do not merit relief. First, "whether in the first habeas corpus petition or a subsequent habeas corpus, petition, habeas corpus allegations must have adequate factual support." *Markley v. Coleman*, 215 W.Va. 729, 734 (2004). "A mere recitation of any of our enumerated grounds without detailed factual support does not justify the

issuance of a writ, the appointment of counsel, and the holding of a hearing." *Losh v. McKenzie,* 166 W.Va. 762, 771 (1981).

Without any support, these remaining claims are hereby SUMMARILY DENIED.

Accordingly, the Court DENIES Petitioner's Amended Petition for Writ of Habeas Corpus, for the reasons set forth herein. The Court notes the objections and exceptions of the parties to any adverse ruling herein.

Therefore it is hereby ADJUDED and ORDERED that the Court finds no need for an evidentiary hearing in this matter and the Petitioner Jason Payne's Amended Petition for Writ of Habeas Corpus is DENIED.

The Court directs the Circuit Clerk to distribute attested copies of this order to the following counsels of record:

*Counsel for Petitioner, Jason Payne:*
Kevin J. Watson, Esq.
261 Aikens Center
Suite 303
Martinsburg, WV 25404

*Counsel for Respondent:*
Debra M.H. McLaughlin, Esq.
Prosecuting Attorney
77 Fairfax St.
Berkeley Springs, WV 25411

CHRISTOPHER C. WILKES, JUDGE
TWENTY-THIRD JUDICIAL CIRCUIT
MORGAN COUNTY, WEST VIRGINIA

A TRUE COPY, ATTEST

Clerk of the Circuit Court
of Morgan County, West Virginia

GUARDIAN ☐   MAG ☐
DOM ☐   MH ☐
CIVIL ☐   JUVENILE ☐
CRIMINAL ☒   ADM ☐
ORDER BOOK
PAGE ___ INITIAL
DATE

Cc: 3/16/16
PAPO
Watson