## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **J.H.**

**No. 16-1233** (Taylor County 16-JA-15)

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father C.H., by counsel Gregory Michael, appeals the Circuit Court of Taylor County's November 28, 2016, order terminating his parental rights to then eleven-year-old J.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Ashley V. Williams Hunt, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion to set aside the adjudicatory finding of abuse and neglect and to reopen the adjudicatory phase of the proceedings. Because we find that petitioner failed to satisfy his burden on appeal, we affirm.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, the DHHR filed an abuse and neglect petition against the child's parents.[2] In its petition, the DHHR claimed that the children's mother abused controlled substances and that petitioner failed to protect the child from her mother's substance abuse.

In July of 2016, the circuit court held an adjudicatory hearing.[3] Petitioner was not present in person at the adjudicatory hearing, but he was represented by counsel. At that hearing, the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The proceedings below included a second child who was not petitioner's biological child and, therefore, is not at issue in this appeal.

[3]No transcripts of any hearings are included in the appendix record.

1

child's mother testified that she was addicted to controlled substances and that petitioner rarely visited the child and did not call on a regular basis. The child's mother further testified that she last lived with petitioner ten years before and their relationship was characterized by drug use and domestic violence. The child's maternal grandmother testified that she had raised the child since birth and that petitioner had never visited the child nor provided birthday or holiday gifts until approximately 2015. At the conclusion of the hearing, the circuit court found that petitioner's relationship with the child was sporadic and that he failed to provide support for the child. Further, the Court found that petitioner's history of drug use and domestic violence negatively affected the child. As such, the circuit court found that petitioner abused and neglected the child.

In October of 2016, the circuit court held a dispositional hearing. At the outset of the hearing, petitioner moved to reopen the adjudicatory phase of the proceedings. The circuit court denied petitioner's motion, but it permitted him to address the court. Petitioner claimed that he was not a drug addict; that he had tried to help the child's mother when they last resided together; and that the child's grandmother was to blame for the child's mother's substance abuse. At the conclusion of the hearing, the circuit court terminated petitioner's parental rights to the child.[4] This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying his motion, made at the dispositional hearing, to set aside the adjudicatory finding of abuse and neglect and to reopen

---

[4]Petitioner's parental rights to the child were terminated below. The status of the parental rights of the child's mother, Sara V., is unclear from the limited record on appeal. According to the parties, the child currently resides with her maternal grandmother with a permanency plan of remaining in that home by adoption or legal guardianship if Sara V.'s parental rights are terminated.

the adjudicatory phase of the proceedings. Petitioner argues that his adjudication should have been reopened because he was not able to be present due to circumstances outside of his control.[5]

The sole legal authority upon which petitioner relies is Rule 60(b) of the West Virginia Rules of Civil Procedure, which provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The entirety of petitioner's appeal rests on the claim that the circuit court may grant him relief from the adjudicatory order pursuant to Rule 60(b). However, petitioner's argument ignores Rule 81 of the West Virginia Rules of Civil Procedure.

Under the heading "To what proceedings applicable," Rule 81(a)(7) provides that "Rules 5(b), 5(e) and 80 [of the West Virginia Rules of Civil Procedure] apply, but the other rules do not apply, to juvenile proceedings brought under the provisions of [C]hapter 49 of the West Virginia Code." Petitioner fails to reference any comparable rule for relief from judgments applicable to child abuse and neglect proceedings brought under Chapter 49 of the West Virginia Code. He simply does not demonstrate that a circuit court's denial of a motion to reopen adjudication can be error. "On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973). Based on petitioner's failure to provide any proper legal authority to show that the circuit court's failure to reopen adjudication could constitute error, we find that petitioner has failed to satisfy his burden on appeal.

Moreover, had petitioner shown that a parent in an abuse and neglect proceeding could be entitled to a reopened adjudication, we would find no error under the facts presented here. Petitioner does not dispute that he received proper notice of the adjudicatory hearing; that he was represented by counsel at the adjudicatory hearing; and that he was given the opportunity to address the circuit court on the issue of adjudication when he made his motion to reopen the same. Accordingly, we find that the circuit court's order must be affirmed.

---

[5]Petitioner claims, without citation to the record on appeal, that he was involved in an accident on July 10, 2016—two days before the adjudicatory hearing—where he fell into a river and lost his cellular telephone. He asserts that his counsel left messages on that telephone regarding the hearing and that petitioner was unable to access those messages.

For those reasons, we find no error in the decision of the circuit court, and its November 28, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  September 5, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker