# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Charles T.,**
**Petitioner Below, Petitioner**

**vs.) No. 21-0524** (Fayette County 19-C-166)

**Donnie Ames, Superintendent, Mt. Olive**
**Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles T., by counsel Gary A. Collias, appeals the Circuit Court of Fayette County's June 2, 2021, order denying his petition for a writ of habeas corpus.[1]

Following a jury trial, petitioner was convicted of thirteen counts of incest; thirteen counts of sexual abuse by a parent, guardian or custodian; and thirteen counts of second-degree sexual assault. *State v. Charles T.*, No. 17-0467, 2018 WL 5794870, *1 (W. Va. Nov. 5, 2018)(memorandum decision). Petitioner's stepdaughter, C.B., testified at trial that petitioner forced her to have sex with him nearly every day from June of 2014 to June of 2015. *Id.* C.B. also testified that petitioner routinely wiped his penis off with a sock after assaulting her. *Id.* In striking testimony, C.B.'s mother/petitioner's wife, S.T., testified that petitioner's use of a sock after sex with S.T. "was something I don't remember him ever not doing." *Id.* at *2.

Other trial witnesses included Dr. Joan Phillips with the Child Advocacy Center at Women and Children's Hospital. *Id.* Dr. Phillips testified that, when examining C.B., she observed two abnormal findings that were consistent with the type of trauma caused by sexual activity. *Id.* Petitioner testified in his defense, and he claimed that C.B. made up the allegations in retaliation for having been disciplined for inappropriate text messages found on her phone. *Id.* Through several witnesses, it was also established that petitioner was out of the state for job training during some of the period of time covered in the indictment.

This Court affirmed petitioner's convictions and sentence, *id.* at *9, and he later petitioned for habeas relief. In his petition, petitioner alleged multiple instances of ineffective assistance of trial counsel. The circuit court, after holding an omnibus evidentiary hearing at which trial counsel

---

[1] Respondent appears by counsel Patrick Morrisey and Andrea Nease Proper.

testified, denied habeas relief by order entered on June 2, 2021.[2] In petitioner's lone assignment of error on appeal, he claims that the court erred in denying habeas relief on his claim of ineffective assistance of counsel,[3] which we review under the following standard:

> An ineffective assistance of counsel claim presents a mixed question of law and fact; we review the circuit court's findings of historical fact for clear error and its legal conclusions *de novo*. This means that we review the ultimate legal claim of ineffective assistance of counsel *de novo* and the circuit court's findings of underlying predicate facts more deferentially.

Syl. Pt. 1, *State ex rel. Adkins v. Dingus*, 232 W. Va. 677, 753 S.E.2d 634 (2013) (citations omitted).

It is well recognized that to establish ineffective assistance of counsel, a habeas petitioner must demonstrate two things: "(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). It is also well established that "a court need not address both prongs of the conjunctive standard . . . but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." Syl. Pt. 5, in part, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995).

In the circuit court's extensive analysis of each of petitioner's claims, it found both that petitioner failed to demonstrate that trial counsel's performance was deficient and that there was no reasonable probability that the result of the proceedings would have been different. On appeal to this Court, petitioner makes no meaningful attempt to establish error in the court's conclusion that, even if he could show that one of the claimed deficiencies fell below an objective standard of reasonableness, he failed to demonstrate a reasonable likelihood that the outcome of trial would have been different. Petitioner merely offers some variation of the conclusion that "but for counsel's unprofessional errors the result of the trial would have been different."[4] Without more—

---

[2] Petitioner's counsel on appeal is different from his counsel at trial.

[3] Petitioner claims that trial counsel failed to (1) object to the State's leading questions of C.B.; (2) object to S.T.'s lay opinion testimony that C.B.'s changed demeanor and appearance were "defense mechanisms" that resulted from trauma; (3) object to the State's closing argument that C.B. exhibited trauma-induced defense mechanisms when those facts were not in evidence; (4) challenge Dr. Phillips's testimony regarding a hymenal observation under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), when hymenal evidence is not reliable enough to permit the doctor to inform a jury that sexual intercourse happened; (5) effectively cross-examine Dr. Phillips; (6) present a defense gynecological expert; (7) present concrete evidence of petitioner's work schedule; and (8) preserve issues for direct appeal. Petitioner also argues that the cumulative effect of trial counsel's allegedly ineffective assistance entitles him to habeas relief.

[4] In several instances petitioner fails to offer even the conclusory claim of prejudice, failing to address that prong entirely.

including an honest assessment of *all* the evidence and how the evidence with which petitioner takes no issue, such as the corroborative testimony from S.T. regarding petitioner's signature post-sexual activity cleanup routine, is undercut by the actions or inactions he claims amount to error—petitioner has not demonstrated error in the court's judgment. "'[O]n an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court.'" *Meadows v. Mutter*, 243 W. Va. 211, 218, 842 S.E.2d 764, 771 (2020) (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)).[5]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 17, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[5] We also find no error in the circuit court's conclusion that petitioner failed to establish cumulative error. Even if petitioner had managed to establish an instance or two of deficient performance from trial counsel, "the cumulative error doctrine is applicable only when 'numerous' errors have been found." *State v. Tyler G.*, 236 W. Va. 152, 165, 778 S.E.2d 601, 614 (2015) (citation omitted). Further, where the errors are numerous but "insignificant or inconsequential, the case should not be reversed under the doctrine." *Id.* (citation omitted). Petitioner has failed to demonstrate any consequential error, in some cases failing to so much as assert prejudice from a claimed error, so he has not demonstrated that he was prevented from receiving a fair trial. *See* Syl. Pt. 5, *State v. Smith*, 156 W. Va. 385, 193 S.E.2d 550 (1972) ("Where the record of a criminal trial shows that the cumulative effect of numerous errors committed during the trial prevented the defendant from receiving a fair trial, his conviction should be set aside, even though any one of such errors standing alone would be harmless error.").