**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Aaron Miles,
Petitioner Below, Petitioner

**v.) No. 23-604** (Cabell County No. 20-C-406)

Jonathan Frame, Superintendent,
Mt. Olive Correctional Complex,
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioner Aaron Miles appeals the Circuit Court of Cabell County's September 20, 2023, order denying his petition for a writ of habeas corpus.[1] The petitioner argues that the circuit court erred by finding that he was not denied his rights to effective assistance of trial counsel[2] and appellate counsel[3] under the State and the Federal constitutions. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In August 2016, the petitioner and his co-defendant, Mariya Jones, were indicted by the Cabell County grand jury on (1) one count of murder of a child by a parent, guardian, or custodian, (2) one count of death of a child by a parent, guardian, or custodian, and (3) four counts of child abuse causing bodily injury. The petitioner and Ms. Jones were also indicted jointly on one count

---

[1] The petitioner is represented by counsel Edward L. Bullman. The respondent appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] The petitioner argues that his trial counsel was ineffective based on: (1) allowing petitioner to plead guilty to two counts of child neglect in front of the jury; (2) failing to object to cumulative photos; (3) failing to object to the use of the co-defendant's statement at trial; (4) failing to object to improperly authenticated text messages; and (5) failing to object to the petitioner's interrogation being played to the jury.

[3] The petitioner argues that his appellate counsel was ineffective by failing to raise the following issues on appeal: (1) the use of the petitioner's statement given under de facto arrest; (2) the warrantless search and seizure of the petitioner's cell phone; and (3) the denial of the petitioner's right to represent himself at trial.

of conspiracy to commit child abuse causing bodily injury. After a jury trial,[4] which began on September 12, 2017, the petitioner was found guilty of the crimes of (1) second-degree murder, murder of a child by a parent, guardian or custodian by refusal or failure to supply necessities; (2) the death of a child by a parent, guardian or custodian by child abuse; (3) two counts of child abuse or neglect by parent, guardian or custodian with substantial risk of serious bodily injury; and (4) conspiracy to commit child abuse causing bodily injury. The jury elected not to recommend mercy to the petitioner. The lower court sentenced the petitioner to forty years of imprisonment for second-degree murder; life imprisonment without mercy for the murder of a child by a parent, guardian or custodian; forty years of imprisonment for death of a child by parent, guardian or custodian; and one to five years of imprisonment for each of the remaining five counts of child abuse or neglect causing substantial risk of death or serious bodily injury. The petitioner appealed his conviction, and his convictions were affirmed by this Court in 2020. *See State v. Miles*, No. 18-0043, 2020 WL 1487801 (W. Va. Mar. 23, 2020) (memorandum decision).

After filing a self-represented petition for writ of habeas corpus on December 3, 2020, the petitioner's counsel filed an amended petition for a writ of habeas corpus and listed the grounds for relief as ineffective assistance of trial counsel and appellate counsel. The petitioner also raised additional issues alleging a warrantless search and seizure of his cellular phone, and the denial of his request to represent himself until a new court appointed counsel was provided by the court. An omnibus hearing was held on August 7, 2023, and on September 20, 2023, the circuit court issued an order denying the petition for a writ of habeas corpus, finding that the petitioner failed to meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).[5] We review the circuit court's order "and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

The circuit court thoroughly considered and addressed each of the petitioner's claims.[6] The circuit court found that the transcript of the proceeding reflects that the petitioner never affirmatively waived his right to assistance by counsel, and that there were no legal grounds for

---

[4] Prior to trial, petitioner pled guilty to two counts of child neglect by a parent, guardian, or custodian creating a substantial risk of serious bodily injury.

[5] In West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged standard established in *Strickland*, requiring a defendant to establish that: (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

[6] The circuit court determined that the petitioner's attorneys were not ineffective in providing legal assistance, and the allegations made by the petitioner did not rise to the level of deficiency or unreasonable conduct such as to grant the petitioner relief. To the extent that the petitioner's arguments to this Court were not raised below, we decline to review them now on appeal. *See State v. Ward*, 245 W. Va. 157, 162, 858 S.E.2d 207, 212 (2021) (noting the general rule that "nonjurisdictional questions raised for the first time on appeal will not be considered").

habeas relief based on the search and seizure of his cellular phone. Upon our review, we conclude that the petitioner has not satisfied his burden of demonstrating error in the court's rulings, and we find none. *See* Syl. Pt. 2, *Dement v. Pszczolkowski*, 245 W. Va. 564, 859 S.E.2d 732 (2021) ("On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973))). Accordingly, we find that the circuit court did not abuse its discretion in denying habeas relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 21, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison